**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Patricia Ann SHAW,**
**Defendant–Appellant.**

**No. 88–1832**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1989.

Phil Robertson, Clifton, Tex., for defendant-appellant.

LeRoy M. Jahn, Michael R. Hardy, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before REAVLEY, JONES and DUHE, Circuit Judges.

PER CURIAM:

Defendant-appellant Patricia Ann Shaw was indicted on three counts: 1) the manufacture of methamphetamine, 2) conspiracy to manufacture methamphetamine, and 3) use of a firearm during the commission of a felony. Shaw was also charged by information with possessing an unregistered machine gun. Shaw pleaded guilty to the first two counts of the indictment and to the one-count information in exchange for dismissal of the third count of the indictment. She appeals her sentence under the guidelines.

According to the presentence report, officials arrested at least six individuals, including Shaw, involved in the manufacture of methamphetamine. Co-conspirator David Zell was considered to be the head of the organization referred to as "the temple" whose numerous clandestine methamphetamine labs were intertwined with satanic-like rituals. Shaw was a member of the "temple" and associated with Zell longer than any other codefendants. She "cooked" methamphetamine, kept books, and received a portion of the profits from the group's sale of methamphetamine. Shaw was present at an operating methamphetamine lab at the time of her arrest.

Officers seized approximately eleven pounds of finished methamphetamine powder and forty pounds of liquid methamphetamine product. The district court applied a base offense level of 36, based on 26.84 kilograms of methamphetamine. The base offense level was adjusted for possession of a firearm, for Shaw's role as a manager/supervisor in the organization, and decreased for acceptance of responsibility for a total offense level of 39.

With no criminal history, Shaw faced a guideline range from 262 to 327 months. The district judge departed downward from the guidelines because of Shaw's willingness to testify against codefendants, and sentenced her to 180 months confinement for the drug offenses and 40 months for

the firearms offenses, all to run concurrently.

Shaw appealed, challenging the constitutionality of the guidelines and denial of her right of allocution. This Court remanded to the district court "for the limited purpose of resentencing" and, to allow Shaw her right to allocution.

At Shaw's resentencing hearing, she made two new objections to the presentence report: 1) that her offense level was improperly computed on the basis of drug quantity rather than drug purity, and 2) that the increase in her offense level for possession of a firearm was a) not specified in her indictment, and b) impermissibly cumulative in light of her separate punishment for a firearm offense.

The district court overruled the objections and sentenced Shaw to the same term as her original sentence. Shaw appealed from the resentencing. The district court filed a certificate stating that since Shaw was sentenced below the guidelines, she had no basis for an appeal. In allowing Shaw to appeal in forma pauperis, this Court implicitly recognized Shaw's right to challenge the application of the guidelines, even though her sentence fell below the guidelines range. *See* 18 U.S.C. sec. 3742(a)(2).

*Constitutionality.* Shaw's constitutional challenges to the sentencing guidelines have been rejected by *U.S. v. Mistretta,* — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989); and *U.S. v. White,* 869 F.2d 822 (5th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989).

*Allocution.* On remand Shaw exercised her right of allocution, so this assignment of error is now moot.

■ *New objections on remand.* On remand Shaw raised new objections to the PSI report. The district judge expressed uncertainty about whether he could consider the additional objections, but did so. This Court directed the parties to brief the issue whether the district court can consider new sentencing objections when the case is remanded for the "limited purpose of resentencing."

Had we not entered the agreed order for a limited remand, we would have vacated Shaw's sentence and remanded the case for a complete resentencing to allow Shaw her right to allocute. Fed R.Crim.Proc. 32(a)(1)(C); *see, e.g., U.S. v. Turner,* 741 F.2d 696, 699 (5th Cir.1984); *U.S. v. Sparrow,* 673 F.2d 862, 865 (5th Cir.1982). Our remand order did not specify a contrary rule. Accordingly, we will consider, as did the district court, her additional objections.

*Quantity of drug.* Shaw asserts that the district court erred when it used the total weight of the liquid methamphetamine in calculating her base offense level.

We have considered and rejected the merits of this argument in the case of co-conspirators Tammy Diane Baker. *See U.S. v. Baker,* 883 F.2d 13 (5th Cir.1989).

■ *Firearm enhancement.* The count of the indictment charging Shaw with use of firearm during the commission of a felony was dismissed as part of her plea. Shaw argues that the enchancement of her sentence for possession of a firearm during the commission of an offense transforms the possession into an element of the offense: she was effectively sentenced for an "aggravated" drug offense without notice in the indictment, in violation of the Sixth Amendment.

■ Visible possession of a firearm may be treated as a sentencing consideration rather than an element of a particular offense. *McMillan v. Pennsylvania,* 477 U.S. 79, 91, 106 S.Ct. 2411, 2418, 91 L.Ed.2d 67 (1986). The enchancement for weapon possession does not add any additional element to the crime. *See generally U.S. v. Baker,* 883 F.2d 13 (5th Cir.1989). The indictment, which properly tracted statutory language, was not required to incorporate this sentencing provision. *See Buckley v. Butler,* 825 F.2d 895, 903 (5th Cir. 1987), *cert. denied,* — U.S. —, 108 S.Ct. 1738, 100 L.Ed.2d 201 (1988).

■ Shaw also argues that the two-level firearm enhancement amounts to an impermissible double punishment for her posses-

sion of a gun in view of her separate sentence for a firearm offense.

The sentencing guidelines recognize the potential for "double counting" in certain cases and provide specific admonitions to avoid it. Section 3D1.2(c); Comment. Appl. n. 5. When one count embodies conduct that is treated as a specific offense characteristic in the guideline applicable to another count, the counts are grouped together as a single group.

The probation officer appropriatively applied the multiple count adjustment mandated by guideline section 3D1.3(a); the officer then determined the combined offense level to be 41 (under sec. 3D1.4), the same as Shaw's adjusted offense level for the drug offenses alone. Because the base offense level for possession of a machine gun (level 12) was so much less than that for her drug offense (level 36), the firearm offense was essentially disregarded in arriving at Shaw's combined offense level. Sec. 3D1.4(c).

Furthermore, Shaw has not been punished twice for the same crime. Shaw was separately sentenced for the separate crimes of possession of an unregistered machine gun and drug offenses. Consideration of firearm possession when assessing a sentence on the drug conviction allows the district judge to impose a heavier sentence, but certainly no higher than the statutory maximum. *See* Guidelines sec. 1B1.-4.

Shaw's sentence is in all respects

AFFIRMED.