956 F.2d 1165
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Humberto O. CASTRELLON, Defendant/Appellant.
 No. 90-3658.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1992.*
Decided March 13, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 The district court sentenced Humberto Castrellon to two concurrent thirty-year sentences for three federal offenses. We vacate his sentences because the district court never allowed him to object to inaccuracies in his presentence investigation report.
 
 I. BACKGROUND
 
 2
 Castrellon was convicted of several offenses relating to the sale and distribution of controlled substances. Among these offenses were a conspiracy count, a Racketeer Influenced and Corrupt Organizations (RICO) count and a Continuing Criminal Enterprise (CCE) count. See 21 U.S.C. § 846; 18 U.S.C. § 1962(c), 21 U.S.C. § 848.
 
 
 3
 The district court sentenced Castrellon to two thirty-year sentences. The court imposed the first of these sentences for the conspiracy and RICO counts and the second for the CCE count. The two sentences were to run concurrently.
 
 
 4
 Castrellon appealed his sentence to this court. We vacated and remanded for resentencing on the authority of Jeffers v. United States, 432 U.S. 137 (1977), explaining "[o]ur review of the record leaves us with substantial doubt that the district court was aware that separate punishment could not be inflicted for [the CCE and conspiracy] counts." United States v. Alvarez, 860 F.2d 801, 830 (7th Cir.1988).
 
 
 5
 At resentencing, the court permitted the comments of Castrellon and his attorney, but it never allowed Castrellon to object to his Presentence Investigation Report (PSI). The court then imposed the same sentence as at the first hearing, this time stressing that "there was no additional punishment imposed for the conspiracy count, and the CCE punishment was not enhanced by virtue of the conspiracy conviction." (Resentencing hearing at 9).
 
 
 6
 On appeal of his sentence, Castrellon argues: (1) that he did not have an opportunity to object to his presentence report (PSI), (2) that the district court improperly sentenced him to the same prison term on remand, (3) that his counsel was ineffective at sentencing, and (4) that the sentencing court erred by denying his motion to substitute counsel. We address only Castrellon's first two challenges here.[1]
 
 II. ANALYSIS
 
 7
 A. The failure to hear objections to the PSI
 
 
 8
 Convicted defendants "have a due process right to a fair sentencing procedure which includes the right to be sentenced on the basis of accurate information." United States v. Rone, 743 F.2d 1169, 1171 (7th Cir.1984). To protect this right, our Supreme Court adopted Fed.R.Crim.P. 32(a)(1), which allows a defendant to object to inaccuracies contained in his presentence report. Under Rule 32(a)(1), the judge must ask the defendant whether he: (1) read the PSI, (2) discussed the report with his attorney, and (3) wishes to challenge the report. United States v. Sosa, 789 F.2d at 1257, 1264 (7th Cir.1986); Rone, 743 F.2d at 1174. A judge failing to follow this procedure commits a reversible error which is not subject to the "harmless error" rule. Sosa, 789 F.2d at 1262.
 
 
 9
 In Castrellon's case, the judge did not ask the defendant the necessary questions. In fact, when Castrellon attempted to object to the PSI, the judge interrupted him. Later, without hearing any objections from Mr. Castrellon, the judge stated:
 
 
 10
 I do not know what the reference is, that Mr. Castrellon does not agree with the PSI. If, by that, he means that the sentence was somehow driven by the matters contained in the PSI. Well, that is his opinion and we cannot do much about that. I have read the PSI, just like I read the PSIs in other cases. There is no basis for me presently to think now at this point the PSI is incorrect in any significant way or material way. So, I frankly, am not clear what the reference to the PSI being in error is. So, for all of those reasons, I hereby reimpose the identical sentence I imposed in the first instance.
 
 
 11
 This procedure violated Rule 32(a)(1).
 
 
 12
 The government argues that this failure to follow Rule 32(a)(1) is irrelevant. It argues, first, that Castrellon waived objections to his PSI by failing to make them at his first sentencing hearing, and second, that a hearing with full procedural protection was unnecessary because we remanded for the limited purpose of determining whether the sentences were cumulative.
 
 
 13
 The government's arguments misinterpret the nature of a vacated sentence. When a sentence is vacated, as was Castrellon's, Alvarez, 860 F.2d at 831, it becomes a "nullity." United States v. Barnes, 948 F.2d 325, 330 (7th Cir.1991). A sentencing court must, therefore, begin the resentencing hearing with a "clean slate," affording the defendant the same rights which he had at the first hearing and making an entirely new sentencing determination. Id.
 
 
 14
 This rule invalidates the government's waiver argument. If the first hearing is a legal nullity, whether Castrellon raised an issue during that proceeding is irrelevant. See United States v. Shaw, 883 F.2d 10, 12 (5th Cir.), cert. denied, sub nom. Baker v. United States, 493 U.S. 983 (1989).
 
 
 15
 Similarly invalid is the government's claim that the judge was not obligated to conduct a full sentencing hearing. This same issue arose in Barnes, 948 F.2d at 330, where we vacated a sentence because the district court improperly considered hearsay statements. At Barnes' resentencing, the judge only considered the hearsay issue and refused Barnes the right of allocution. Id. We vacated the sentence holding: "while it is true our primary concern in remanding his case was to ensure that an improper hearsay statement did not taint the earlier proceeding, the effect of the order to vacate was to nullify Barnes' sentence." Id. The same rule applies in Castrellon's case where we remanded because of concerns about cumulative sentencing, but vacated the entire sentence. Alvarez, 860 F.2d at 831.
 
 
 16
 We must, therefore, remand Castrellon's case for resentencing because the judge failed to follow Rule 32(a)(1).
 
 
 17
 B. Sentencing for the CCE and conspiracy counts
 
 
 18
 In 1988, we remanded this case for the first time because we could not determine from the record whether the district court imposed separate punishments for a conspiracy and a CCE count. Alvarez, 860 F.2d at 830. Castrellon argues that a similar problem remains even after the second sentencing hearing.
 
 
 19
 A district court may never impose cumulative sentences for a CCE count and a conspiracy count. 21 U.S.C. § 848; 21 U.S.C. § 846. Jeffers, 432 U.S. at 157. A court imposes a "cumulative" sentence if the punishment exceeds the maximum under the CCE act. United States v. Bond, 847 F.2d 1233, 1239 (7th Cir.1988) (interpreting non-guidelines cases like Castrellon's). Consecutive sentences are often cumulative, while concurrent sentences ordinarily are not. United States v. Bafia, 949 F.2d 1465, 1474 (7th Cir.1991).
 
 
 20
 In Castrellon's case, the district court did not impose cumulative sentences. The judge imposed concurrent sentences which were well below the legal maximum.[2] See 21 U.S.C. § 843(b) (1985); Bond, 847 F.2d at 1239. Furthermore, the judge made clear at resentencing that he did not consider the conspiracy count when he imposed the sentence for the CCE count.
 
 
 21
 Thus, on remand, the court may reimpose the concurrent thirty year terms if, after conducting a new sentencing proceeding and hearing Castrellon's objections to his PSI, the court deems the sentence appropriate.
 
 VACATED AND REMANDED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Because we already granted counsel's motion to withdraw and because we are remanding for resentencing on other grounds, any issues related to counsel's performance at sentencing are irrelevant. We do, however, request that the district court appoint Castrellon a new attorney on remand if he desires an attorney and fits within the applicable income guidelines
 
 
 [2]
 In 1986, when Castrellon was tried, the legal maximum was life in prison