4 F.3d 997
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff/Appellee,
v.
HUMBERTO CASTRELLON, Defendant/Appellant.
 No. 92-3843.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 17, 1993.
Decided Sept. 2, 1993.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 85 CR 476; Charles P. Kocoras, Judge.
 
 
 1
 N.D.Ill. [APPEAL AFTRE REMAND FROM 956 F.2d 1165].
 
 
 2
 DISMISSED.
 
 ORDER
 
 3
 After twice remanding Humberto Castrellon's case for resentencing, we visit his sentence for the third time. Castrellon's appointed counsel, who served as his attorney during the third sentencing hearing, filed a motion to withdraw and a supporting Anders brief explaining why he believes that any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967). Castrellon has filed a response and objection to the Anders brief.
 
 
 4
 We originally remanded Castrellon's case because we were unable to determine whether the district court imposed separate punishments for a conspiracy and a Continuing Criminal Enterprise (CCE) count. United States v. Alvarez, 860 F.2d 801, 830 (7th Cir.1988). After the district court held a second sentencing hearing, Castrellon appealed his sentence again, claiming that he did not have an opportunity to object to his presentence investigation report (PSI) and that the district court improperly sentenced him to the same prison term on remand. We remanded for resentencing because the court failed to hear Castrellon's objections to the PSI. We also determined that the district court had not imposed cumulative sentences, but rather had imposed concurrent sentences which were below the legal maximum. United States v. Castrellon, No. 90-3658, 1992 WL 46690, at * 3, 1992 U.S.App. LEXIS 4661, at * 7 (7th Cir. Mar. 13, 1992) (unpublished order). We recognized that the district court clearly stated at the resentencing that the conspiracy count was not considered when the sentence for the CCE count was imposed. Id.
 
 
 5
 On remand, we informed the district court that it could "reimpose the concurrent thirty year terms if, after conducting a new sentencing proceeding and hearing Castrellon's objections to his PSI, the court deems the sentence appropriate." Id. at * 3, 1992 U.S.App. LEXIS at * 7-8.
 
 
 6
 Counsel contends that Castrellon has been legally sentenced pursuant to Fed.R.Crim.P. 32. We agree that the court committed no violation of Rule 32. As counsel points out, Castrellon and his attorney had the opportunity to read and discuss the PSI. Sent.Tr. at 2-3. Counsel then was afforded an opportunity to speak on behalf of Castrellon, and he voiced objection to the factual matter in the PSI. Sent.Tr. at 3-6. The court considered Castrellon's version of the offense, namely that Castrellon claimed that he was guilty of being involved in only two kilograms of poor quality cocaine. Id. The court then gave Castrellon ample opportunity to speak on behalf of himself, and Castrellon said a few words to the court. Sent.Tr. at 13-15.
 
 
 7
 After considering the new objections and affording Castrellon the opportunity to make a statement on his own behalf, the court imposed a new sentence. Taking into consideration Castrellon's record as a prisoner, the court reduced Castrellon's total sentence to 24 years. All sentences from the prior sentencings were reimposed as before, except each 30-year sentence was reduced to 24 years. We see nothing in the record to indicate that the sentencing court improperly sentenced Castrellon.
 
 
 8
 In Castrellon's response to the Anders brief, he argues that his counsel at sentencing failed to provide him with effective assistance. We are extremely reluctant to consider claims of ineffective assistance of counsel on direct appeal due to the inherent inadequacy of the trial record on that issue. See United States v. Taglia, 922 F.2d 413 (7th Cir.), cert. denied, 111 S.Ct. 2040 (1991); see also United States v. Davenport, 986 F.2d 1047 (7th Cir.1993). However, we will consider a claim of ineffective assistance of counsel on direct appeal if the record is sufficiently developed. United States v. Booker, 981 F.2d 289, 292 (7th Cir.1992).
 
 
 9
 A successful claim of ineffective assistance of counsel requires the defendant to demonstrate that counsel committed serious errors that "fell below an objective standard of reasonableness", Strickland v. Washington, 466 U.S. 668 (1984), and that due to counsel's deficient performance the result of the proceedings was fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838 (1993) (citing Strickland, 466 U.S. 668).
 
 
 10
 Castrellon argues that counsel failed to make the sentencing court aware that the court could consider any objections to the sentence, regardless of whether they had been raised at the original sentencing. The court allowed new objections to the PSI, and counsel took the opportunity to object to factual matter in the report by providing the court with Castrellon's version of his participation. Sent.Tr. at 3-6. Castrellon also asserts that the "sentencing transcript is void of any effort to correct inaccurate statements in [the] government's version of Castrellon's offenses." This statement is incorrect. As stated above, counsel expressly informed the court at the hearing that Castrellon was acknowledging involvement with only two kilograms of cocaine, which were of poor quality. Sent.Tr. at 4. In addition to voicing new objections to the PSI, counsel also informed the court that Castrellon had no prior record, presented no problems during his seven-year stay in prison, and would have received a sentence within the range of 235 to 293 months had he been sentenced under the Sentencing Guidelines.
 
 
 11
 Castrellon also contends that his counsel was ineffective for failing to argue that consecutive sentences for illegal use of the telephone under 21 U.S.C. Sec. 843(b) may not be imposed where all telephone conversations are in furtherance of the same conspiracy. Section 843(b) clearly states that "[e]ach separate use of a communication facility shall be a separate offense under this subsection." 21 U.S.C. Sec. 843(b). Counsel was not ineffective for not challenging the consecutive sentences.
 
 
 12
 Castrellon asserts that counsel was ineffective for not arguing that cummulative sentences could not be imposed on the conspiracy and CCE convictions. As discussed above, we considered the issue the first time we addressed Castrellon's sentence. The second time we reviewed Castrellon's sentence, we determined that the court had imposed concurrent, not cummulative sentences. Castrellon, slip op. at 4. Counsel's decision not to raise this objection at sentencing, after we clearly affirmed the court's imposition of concurrent sentences, did not demonstrate deficient performance.
 
 
 13
 We have examined the record, and find no non-frivolous issues that could be raised on appeal. We GRANT counsel's motion to withdraw and DISMISS the appeal as frivolous.