UNITED STATES of America,
Plaintiff–Appellee,

v.

Marc L. POLLAND, Defendant–
Appellant.

No. 94–2093.

United States Court of Appeals,
Seventh Circuit.

Argued March 30, 1995.

Decided May 26, 1995.

Rodney Cubbie, Gail Hoffman (argued), Office of U.S. Atty., Milwaukee, WI, for plaintiff-appellee U.S.

Thomas G. Halloran (argued), Annice Kelly, Fox & Fox, Madison, WI, for defendant-appellant Marc L. Polland.

Before FLAUM, RIPPLE, and ROVNER, Circuit Judges.

FLAUM, Circuit Judge.

The defendant, Mark L. Polland, appeals the district court's refusal on remand from our earlier decision to vacate a portion of his sentence to hear arguments relating to issues we had decided at his first appeal. Because we had limited our remand to resentencing on the obstruction of justice enhancement issue, U.S.S.G. § 3C1.1, we affirm.

## I.

Polland was indicted and convicted of conspiring to possess with the intent to distribute in excess of five hundred grams of a mixture containing cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2, and possessing with the intent to distribute two kilograms of a mixture containing cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced Polland to 121 months imprisonment on each count, the sentences to run concurrently, and imposed a fine of $9,000 and a four year term of supervised release. A full recitation of the circumstances leading to Polland's convictions and sentences can be found in our opinion disposing of his first appeal. *United States v. Polland,* 994 F.2d 1262, 1271 (7th Cir.1993) (*"Polland I"*), *cert. denied,* —— U.S. ——, 114 S.Ct. 1115, 127 L.Ed.2d 425 (1994).

In *Polland I,* Polland raised many contentions regarding his convictions and sentences, all but one of which we rejected. On that issue, we held that the district court had erroneously imposed a 2–level obstruction of justice enhancement for Polland's concealment of contraband. 994 F.2d at 1270. We also noted a potentially different basis for the same enhancement. *Id.* In conclusion, we stated: "For the foregoing reasons, the conviction is affirmed, the sentence is vacated and the case is remanded for resentencing on the issue of obstruction of justice." *Id.* at 1271.

Prior to Polland's resentencing hearing, the district court held that our remand did not require it to sentence him *de novo.* The court therefore limited the issues at resentencing to the appropriateness of an obstruction of justice enhancement and any objections to the Presentence Report ("PSR") not made at the original sentencing hearing. On April 27, 1994, the district court determined that Polland's conduct did not warrant an enhancement for obstructing justice and resentenced him to 105 months imprisonment on each count, the sentences to run concurrently, and imposed the same fine and term of supervised release. This appeal followed.

## II.

Although his resentencing hearing resulted in no enhancement for obstructing justice and a reduced sentence, Polland contends that the district court nonetheless erred in failing to conduct a *de novo* hearing. As support for his position, Polland relies on two Seventh Circuit cases in which we indicated that the vacation of a sentence results in a "clean slate" and allows the district court to start from scratch. *See United States v. Atkinson,* 979 F.2d 1219, 1223 (7th Cir.1992); *United States v. Barnes,* 948 F.2d 325, 330 (7th Cir.1991). The government, however, contends that a court of appeals' decision on the merits of an issue prevents a district court from revisiting that issue on remand under the law of the case doctrine.

■ Under 28 U.S.C. § 2106, which states: The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment decree, or order, or require such further proceedings to be had as may be just under the circumstances,

we have the power to limit a remand to specific issues or to order complete resentencing. *See United States v. Garren,* 893 F.2d 208, 211–12 (9th Cir.1989). Two related principles, the mandate rule and the law of the case doctrine, prohibit a district court from revisiting certain issues on remand.

■ The mandate rule requires a lower court to adhere to the commands of a higher court on remand. *See, e.g., In re Continental Illinois Securities Litigation,* 985 F.2d 867, 869 (7th Cir.1993) (Mandamus can be

used to "assure that a lower court complies with the spirit as well as the letter of the mandate issued to that court by a higher court."). In *Polland I* we specifically limited our mandate to resentencing on the obstruction of justice enhancement. 994 F.2d at 1271. We have previously held that a similarly worded mandate prevented the district court from reconsidering other issues at the resentencing hearing. *United States v. Soto,* 48 F.3d 1415, 1419 n. 10 (7th Cir.1995); *see also United States v. Moored,* 38 F.3d 1419, 1421 (6th Cir.1994) (recognizing that a mandate can limit issues for resentencing); *United States v. Jones,* 36 F.3d 1068, 1069 (11th Cir.1994) (same); *United States v. Pimentel,* 34 F.3d 799, 800 (9th Cir.1994) (mandate limited resentencing to one issue), *cert. denied,* —— U.S. ——, 115 S.Ct. 777, 130 L.Ed.2d 671 (1995); *United States v. Bell,* 988 F.2d 247, 250 (1st Cir.1993) (mandate precluded district court from considering a new issue at resentencing); *United States v. Cornelius,* 968 F.2d 703, 705 (8th Cir.1992) (mandate can limit issues for resentencing); *United States v. Kikumura,* 947 F.2d 72, 76 (3d Cir.1991) ("The district court, on remand, was bound to follow the mandate;" . . .); *United States v. Shaw,* 883 F.2d 10, 12 (5th Cir.) (court can issue a limited remand), *cert. denied,* 493 U.S. 983, 110 S.Ct. 517, 107 L.Ed.2d 518 (1989). Therefore, the only issue properly before the district court was the appropriateness of an enhancement for obstructing justice.

*Barnes* and *Atkinson,* to which Polland cites, do not change this result. In *Barnes* we had first vacated the defendant's sentence because of "concerns that the trial court may have improperly relied on hearsay statements in revoking Barnes' probation." 948 F.2d at 328. Barnes later complained that on remand the district court had denied him his right of allocution before the court imposed a sentence. The government contended that Barnes had no such right because the second hearing merely reinstated his original sentence rather than imposed a new one. We responded that the United States had misconstrued the nature of a vacated sentence:

> While it is true our primary concern in remanding this case was to ensure improper hearsay statements did not taint the earlier proceeding, the effect of the order to vacate was to nullify Barnes' sentence. Accordingly, when Barnes appeared before the trial judge on remand, he did so with a clean slate as far as sentencing was concerned; his previous sentence was not to be rubber stamped, but instead a new sentencing determination was to be made. Along with a new sentencing determination came the right to address the court.

948 F.2d at 330. We thus remanded again for further proceedings. At issue in *Barnes* was the effect of a vacated sentence: did it result in the imposition of a new sentence after resentencing or simply the reinstatement of the original one? Moreover, because the court had used improper hearsay statements and the case involved a single sentencing issue, our vacation of the sentence necessarily required an entirely *de novo* resentencing hearing, and we had not explicitly limited our remand.

*Atkinson* involved a direct appeal challenging many aspects of the defendant's sentence. There, after holding that the court should not have categorized the defendant as having a Criminal History Category VI, we vacated Atkinson's sentence and remanded for resentencing. Rather than discuss the remainder of Atkinson's contentions we stated:

> While not all aspects of his sentencing were erroneous, the effect of a vacation is to nullify the previously-imposed sentence. *United States v. Barnes,* 948 F.2d 325, 330 (7th Cir.1991). Therefore, the district court will be writing on a clean slate and may entertain any and all objections, even those not raised at the earlier sentencing. *See United States v. Shaw,* 883 F.2d 10, 12 (5th Cir.), *cert. denied* . . ., 493 U.S. 983, 110 S.Ct. 517, 107 L.Ed.2d 518 . . . (1989).

979 F.2d at 1223. Nothing precluded us from considering the other sentencing issues and ordering a limited remand; *Shaw* itself expressly recognized that possibility. 883 F.2d at 12. Oftentimes the most efficient practice is to address all issues at once. However, there may be occasions when justice requires, once we have found error, the

district court to revisit *de novo* the entire sentencing calculus. *Atkinson* does not stand for the proposition that we must always order, and the district court must always engage in, complete resentencing.

The "clean slate" analogy of *Barnes* and *Atkinson* still has relevance in a case with a limited remand. Once we remand for resentencing, a district court should consider *de novo* any open issues. As the Eighth Circuit has held, "[o]nce a sentence has been vacated or a finding related to sentencing has been reversed and the case has been remanded for resentencing, the district court can hear any relevant evidence on *that* issue that it could have heard at the first hearing." *Cornelius,* 968 F.2d at 705 (emphasis added); *see also Atkinson,* 979 F.2d at 1223. Here, Polland does not complain that the court refused to listen to any arguments he desired to make regarding the obstruction of justice issue. Instead, Polland contends that the court should have allowed him to make any argument on any issue because his counsel, who replaced Polland's trial counsel who refused to represent him after the verdict, had not had time to properly prepare for the first sentencing hearing. While it is possible that certain situations could support an enlargement of issues for resentencing than a mandate may envision, we do not believe this case presents such circumstances. We note that at resentencing the court allowed Polland to argue for a reduced fine and a downward departure for a single act of aberrant behavior pursuant to 18 U.S.C. § 3553(b) (allowing downward departure for factors not adequately taken into consideration by the Guidelines). By doing so, the court appeared to not comply with our mandate. However,

because the government has not appealed this action, and because the action did not affect Polland's sentence, there is no reason for another remand.

The government argues that the court properly limited resentencing to the obstruction of justice enhancement because our prior decision precluded any other inquiry. The law of the case doctrine is a corollary to the mandate rule and prohibits a lower court from reconsidering on remand an issue expressly or impliedly decided by a higher court absent certain circumstances. *Shore v. Warden, Stateville Prison,* 942 F.2d 1117, 1123 (7th Cir.1991), *cert. denied,* 504 U.S. 922, 112 S.Ct. 1973, 118 L.Ed.2d 573 (1992); *Evans v. City of Chicago,* 873 F.2d 1007, 1013–14 (7th Cir.1989), *cert. denied,* 495 U.S. 956, 110 S.Ct. 2560, 109 L.Ed.2d 742 (1990). While this court has specifically applied this doctrine in a sentencing context, *United States v. Mazak,* 789 F.2d 580, 581 (7th Cir.1986) (issue decided on direct appeal could not be revisited on a motion under FED.R.CRIM.P. 35(a)), we need not discuss the contours of the doctrine as it relates to this case because the district court's action adhered to our mandate.[1]

For the foregoing reasons, the sentence imposed by the district court is affirmed.

AFFIRMED.

---

1. Although we recently stated that on remand the district court could "begin anew in sentencing" and cited a Tenth Circuit case rejecting the law of the case doctrine in sentencing cases, *United States v. Johnson,* 46 F.3d 636, 639–40 (7th Cir. 1995), we adhere to the view that the doctrine remains applicable to sentencing issues in this Circuit.

Polland also contends that we did not decide certain sentencing issues on their merits because we did not discuss them in our original opinion. We held, however, that of his many contentions, only some merited discussion. Though unstated, logic compels that our statement had but one conclusion: the other arguments were meritless.

Similar language has been considered to constitute a decision on the merits for purposes of the law of the case doctrine. *See United States v. Minicone,* 26 F.3d 297, 299–300 (2d Cir.) (Statement that "[w]e hold that Minicone's claims, including, among others, that he was a minor or minimal participant in the crimes charged, are without merit," without further discussion, precluded the district court from revisiting those issues. (quoting *United States v. Minicone,* 960 F.2d 1099, 1110 (2d Cir.), *cert. denied,* 503 U.S. 950, 112 S.Ct. 1511, 117 L.Ed.2d 648 (1992))), *cert. denied,* —— U.S. ——, 115 S.Ct. 344, 130 L.Ed.2d 300 (1994).