Revised, January 27, 2000

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-41423

UNITES STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMIE HASS,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas, Tyler Division

December 29, 1999

Before KING, Chief Judge, JONES,  and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

The issue before us is whether the district court on remand erred when it precluded the appellant, Tommie Hass ("Hass"), from raising the issue of drug quantity which he failed to raise during his initial appeal.  For the reasons set forth below, we affirm the district court's ruling and find that Hass was foreclosed from challenging drug quantity at resentencing.

FACTUAL AND PROCEDURAL HISTORY

Hass was convicted of conspiring to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846.  In the Presentence Investigation Report ("PSR") prepared for Hass'

sentencing, the probation officer concluded that Hass and his co-conspirators possessed at least 26.8 kilograms of methamphetamine during the course of this conspiracy. The PSR stated that this amount of methamphetamine attributed to Hass was a "very conservative estimate" of what he actually distributed. Hass filed an extensive memorandum detailing his objections to the PSR which included: 1) the possible imposition of a life sentence, 2) the *calculation of drug quantities* attributed to him, and 3) the assessment of his criminal history. The government filed a response to Hass' objections, including a response to Hass' claim that the drug quantity attributed to Hass had been wrongly calculated.

At sentencing, the district court heard arguments from the government and Hass regarding the PSR's recommendation that Hass be sentenced to a life sentence under 21 U.S.C. § 841(b)(1)(a) ("three strikes provision") because he had committed two prior felonies. The district court also found that Hass's objections to drug quantity, and computation of his criminal history were without merit. Following the arguments by both counsel on application of the three strikes provision, the district court adopted the PSR's findings.

In his initial appeal to this court Hass argued that the life sentence based on the three strikes provision was based on the erroneous finding that he had two *final* felony convictions. We upheld Hass' conviction in, United States v. Hass, 150 F.3d 443 (5th Cir.1998). However, we vacated the life sentence imposed on him under the three strikes provision. We found that Hass was not eligible for a life sentence under the three strikes provision because his two prior convictions were not final at the time the present violations were committed. Id. at 450. This court then remanded the case for resentencing. During his initial appeal to this court Hass did not put forth the issue of the drug quantities attributed to him in the original PSR.

On remand, the case was assigned to a new judge for resentencing. At resentencing Hass argued that the quantity of drugs attributed to him in the PSR was too high. The district court declined to address this drug quantity argument. The district court concluded that the only issue on remand from this court was to resentence Hass without application of the three strikes provision. Thus, the district court adopted the findings on drug quantity from the original PSR, and enhanced Hass's sentence based on these findings. Hass was sentenced to 240 months imprisonment and 5 years supervised release.

## DISCUSSION

Generally, review of a sentence is confined to determining whether a sentence was imposed in violation of law, as a result of the incorrect application of the Sentencing Guidelines. See United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994). However, the issue before us is not whether the district court applied the guidelines correctly, but whether the district court erred when it denied Hass an evidentiary hearing on drug quantity. We review the denial of an evidentiary hearing for abuse of discretion. United States v. Henderson, 19 F.3d 917, 927 (5th Cir.), cert. denied,--- U.S. --- , 115 S.Ct. 207, 130 L.Ed.2d 137 (1994).

Hass argues that the district court erred when it failed to hear his claim regarding the quantity of drugs attributable to him for sentencing purposes. Specifically, he argues that because his first appeal was from the district court's imposition of a life sentence based on the three strikes provision the issue regarding drug quantity was irrelevant, and he had no incentive to raise it. According to Hass, the issue of drug quantity only became relevant after we found that the district court had erroneously sentenced him under the three strikes provision, and remanded for resentencing. The government counters that the district court correctly precluded Hass from raising the drug quantity

3

issue on remand because Hass had an opportunity to raise the issue in his initial appeal, but declined to do so. Thus, the government asserts that Hass was confined to raising only those issues which arose from the scope of our previous remand order. After a careful review of the record and our circuit's precedent, we agree with the government's position.

The present case is subject to this court's ruling in United States v. Marmolejo, 139 F.3d 528 (5th Cir.1998) ("Marmolejo II"). In that case, Marmolejo was found guilty of possession with intent to distribute cocaine and marihuana, conspiracy to launder monetary instruments, and accepting bribes as a public official. See Marmolejo II, 139 F.3d at 529. The PSR recommended a base offense level of 38, and base level enhancements for: 1) use of a firearm during the transport of drugs, 2) abuse of his position of public trust as an Immigration and Naturalization services agent, and 3) obstruction of justice. See Id. Marmolejo objected to the enhancements based on possession of a firearm and obstruction of justice. Id. The district court declined to enhance Marmolejo's sentence for possession of a firearm, and reduced his sentence for acceptance of responsibility and minor participation. Id. However, the district court did enhance the sentence for obstruction of justice and abuse of position. Id.

Both the government and Marmolejo appealed the district court's judgment. Marmolejo only challenged the sufficiency of the evidence for his convictions. Id. The government appealed the district court's failure to enhance Marmolejo's sentence for possession of a firearm, and the reduction of Marmolejo's sentence for acceptance of responsibility and minor participation. Id. Marmolejo did not raise on appeal the issue of the district court's sentence enhancement for obstruction of justice. This court upheld Marmolejo's conviction. However, we found in favor of the government's position that the district court had erred by not imposing a sentence enhancement

4

for possession of a firearm.  See United States v. Marmolejo, 106 F.3d 1213 (5th Cir. 1997).  We vacated Marmolejo's sentence and remanded it to district court for resentencing consistent with our opinion.

At resentencing, Marmolejo sought to introduce evidence on the obstruction of justice issue. The district court declined to hear the evidence because the district court's original finding on that issue had not been raised on appeal.[1]  Marmolejo II, 139 F.3d at 530.  Marmolejo appealed  the district court's refusal to hear the obstruction of justice evidence.  He argued that a resentencing hearing should be conducted de novo to hear new evidence on all sentencing issues.  Id.  We expressly rejected this argument and held that the district court properly refused to hear new evidence at resentencing because the scope of this court's remand order was limited.[2]  Clarifying the scope of this court's remand order we stated:

> The only issues on remand properly before the district court are those
> which arise out of the correction of the sentence ordered by this court.
> In short, the resentencing court can consider whatever this court directs–
> no more, no less. All other issues not arising out of this court's ruling

---

[1] Marmolejo also sought to introduce evidence on acceptance of responsibility, which the district judge declined to hear.  The court found that additional evidence on the issue would not change the matter, since statements made by Marmolejo at sentencing as well as existing evidence was enough to find that acceptance of responsibility was not appropriate. See Marmolejo II, 139 F.3d at 529-530.

[2] As we recognized in Marmolejo II, the scope of a remand for resentencing has caused a significant circuit split. Under the majority view, sentencing following remand should be conducted de novo, and thus a district judge is not limited to reviewing only those issues related to the remand order.  See Marmolejo II, 139 F.3d at 530. (citing United States v. Smith, 116 F.3d 857 (10th Cir. 1997); United States v. Jennings, 83 F.3d 145 (6th Cir. 1996); United States v. Atechoriva, 69 F.3d 679 (6th Cir. 1996); United States v. Ponce, 51 F.3d 820 (9th cir. 1995); United States v. Cornelius, 968 F.2d 703 (8th Cir. 1992).  By contrast, under the minority view, "only those discrete, particular issues identified by the appeals court on remand are properly before the resentencing court," i.e., a waiver approach.  See id. (citing United States v. Whren, 111 F.3d 956 (D.C. Cir. 1997), United States v. Parker, 101 F.3d 527 (7th Cir. 1996).

5

and not raised in the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below.

Marmolejo II, 139 F.3d at 531.

The facts of the present case are strikingly similar to those in Marmolejo II. In his original objections to the PSR, Hass specifically objected to the drug quantities attributable to him. At the original sentencing the district court stated that it had considered Hass's objection to the drug quantities and found these arguments to be without merit, and refused to reduce Hass's base offense level. Hass was obviously aware of this adverse ruling , yet did not challenge the district court's drug quantity finding during his initial appeal. As a result, although the drug quantity issue was fully presented and reviewed by the district court this court's decision only considered Hass's arguments on the three strikes provision. Our remand order only directed the district court to resentence Hass without applying the three strikes provision. Therefore, the district court on remand properly followed our Marmolejo II instructions to only address "issues arising out of the correction of the sentence ordered by [the appellate] court." Marmolejo II, 139 F.2d at 531.

Hass specifically contends that he did not have an incentive to raise the drug quantity issue in his initial appeal because t he application of the  three strikes provision made drug quantity irrelevant. Hass's argument is similar to an argument raised by the defendant in United States v. Ticchiarelli, 171 F.3d 24, 30 (1st Cir. 1999). In Ticchiarelli, the defendant claimed that he did not challenge drug quantity at his original sentencing because even if the drug quantity had been reduced it would not have affected the length of his sentence. The defendants original sentence was vacated and remanded to the district court for resentencing. Therefore, at resentencing the defendant sought to introduce evidence of drug quantity. The First Circuit concluded that whether a defendant waived

6

an issue for consideration at resentencing is determined by whether the defendant had an incentive to raise that issue in the prior proceedings. Id. at 33.

However, the record in the present case is different from the circumstances in Ticchiarelli. In the present case, Hass raised the issue of drug quantity during his original sentencing. Hass simply failed to pursue this issue on appeal. Therefore, Hass cannot claim that he felt the drug quantity issue was irrelevant because he submitted objections to these findings at the district court level. A defendant cannot know which appellate argument might be successful, therefore each contested issue must be appealed. Countless criminal appeals are determined by our court which encompass multiple bases of relief claimed by appellants. Hass's circumstance is no different. Because Hass had another appealable issue which turned out to be successful, does not mean that the issue of drug quantity was not germane and appealable. Therefore, we reiterate our conclusion from Marmolejo II that all issues not arising out of the remand order which could have been brought in the original appeal are not proper for reconsideration by the district court below at resentencing. Marmolejo II, 139 F.3d at 531.

## CONCLUSION

We find that our holding in Marmolejo II is controlling, and that the district court properly precluded Hass from raising the drug quantity issue on remand. Accordingly, we AFFIRM the district court's ruling.

AFFIRMED.

7