In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3845

United States of America,

Plaintiff-Appellee,

v.

Mark V. Buckley,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 97 CR 615--Elaine E. Bucklo, Judge.

Submitted April 25, 2001--Decided May 24, 2001


   Before Bauer, Posner, and Diane P. Wood,
Circuit Judges.

   Posner, Circuit Judge.  Holding that
obstruction of justice at the sentencing
hearing precluded a sentencing discount
for acceptance of responsibility, we
vacated the defendant's sentence and
remanded for resentencing. 192 F.3d 708
(7th Cir. 1999). On remand the district
judge duly resentenced Buckley without an
acceptance of responsibility discount.
This second appeal complains about the
judge's refusal to depart downward on the
basis of the defendant's claimed
"extraordinary efforts at post-sentence
rehabilitation." The specific complaint
is that the judge thought herself
precluded from considering such a
downward departure by our opinion.

   The scope of a remand is determined, of
course, by the order of remand, e.g.,
Moore v. Anderson, 222 F.3d 280, 283 (7th
Cir. 2000); United States v. Parker, 101
F.3d 527, 528 (7th Cir. 1996); United
States v. Ben Zvi, 242 F.3d 89, 95 (2d
Cir. 2001), and our remand was for the
limited purpose of enabling the district
judge to resentence the defendant without
an acceptance of responsibility discount.
Our ruling that the defendant was not
entitled to the discount was the law of
the case and bound the district judge
unless extraordinary circumstances

warranted reconsideration. United States v. Aramony, 166 F.3d 655, 662 (4th Cir. 1999); United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994); see generally Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817 (1988); United States v. Polland, 56 F.3d 776, 779 (7th Cir. 1995). (Were this not the rule, piecemeal appeals would be encouraged.) Nor would she be entitled, again in the absence of extraordinary circumstances, to revisit other aspects of the sentence, grounds for departure, etc.; for they would be outside the scope of the remand. Id. at 777-78; Pearson v. Edgar, 153 F.3d 397, 405 (7th Cir. 1998); United States v. Hass, 199 F.3d 749, 752 (5th Cir. 1999). But the qualification "in the absence of extraordinary circumstances" is vital. The order of remand did not preclude the judge's consideration of extraordinary unforeseen events occurring after the original sentencing, events not before us when we remanded the case, to the extent they bore on the sentence. North Carolina v. Pearce, 395 U.S. 711 (1969); United States v. Jackson, 181 F.3d 740, 746-47 (6th Cir. 1999); United States v. Apple, 962 F.2d 335, 337 (4th Cir. 1992); Puente v. United States, 676 F.2d 141, 145 (5th Cir. 1982).

   The district judge may not have understood this clearly--may have thought, as the defendant argues, that our order of remand prevented her from doing anything but lancing the acceptance of responsibility discount--but in any event she expressed dubiety about the defendant's claim of "post-sentence rehabilitation," and rightly so. Although some courts had entertained such claims as a ground for a downward departure before the Sentencing Commission nixed it, e.g., United States v. Maldonado, 242 F.3d 1, 5 (1st Cir. 2001); United States v. Cook, 238 F.3d 786, 791 (6th Cir. 2001); United States v. Green, 152 F.3d 1202, 1207 (9th Cir. 1998); contra, United States v. Sims, 174 F.3d 911, 912 (8th Cir. 1999), and the Commission's new guideline, U.S.S.G. sec. 5K2.19, is not applicable to our defendant (it took effect on November 1, 2000, six weeks after he was resentenced), see U.S.S.G. sec. 1B1.11(a); United States v. Minneman, 143 F.3d 274, 281 (7th Cir. 1998), we cannot imagine how a defendant's decision to be on his best behavior for a period of time after

sentencing (20 months in this case), when he is hoping for a reversal that will require that he be resentenced, could be a persuasive ground for a sentencing discount. Anyway, the claim of post-sentencing rehabilitation here is based on modest religious activities that do not begin to justify the extraordinary relief requested.

Affirmed.