IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-40390
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO HERNANDEZ-JAIMEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-856-1
--------------------
December 12, 2001

Before HIGGINBOTHAM, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:*

Ernesto Hernandez-Jaimez appeals from his resentencing on remand from this court. Hernandez-Jaimez contends, as he did at resentencing, that the aggravated-felony conviction, which resulted in his increased sentence under 8 U.S.C. § 1326(b)(2), was an element of the offense that should have been alleged in the indictment. Hernandez-Jaimez concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998). He nevertheless seeks to preserve the issue for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90, 496; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). Hernandez-Jaimez's argument is therefore foreclosed.

Hernandez-Jaimez also contends that his indictment violated the Fifth and Sixth Amendments because it lacked an allegation that he acted with general intent. This claim is beyond the scope of remand as it is could have been raised on the original appeal. See United States v. Hass, 199 F.3d 749, 752 (5th Cir. 1999), cert. denied, 531 U.S. 812 (2000). Regardless, as Hernandez-Jaimez acknowledges, the claim is foreclosed by this court's precedent in United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000), cert. denied, 121 S. Ct. 2600 (2001), and United States v. Berrios-Centeno, 250 F.3d 294, 299-300 (5th Cir.), cert. denied, 122 S. Ct. 288 (2001). Accordingly, the judgment of the district court is AFFIRMED.