IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60393
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERTHA J. WEEKLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:98-CR-43-1-D

_____

January 24, 2003

Before JOLLY, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Bertha J. Weekly appeals her resentencing for conspiring to possess cocaine base with intent to distribute and for aiding and abetting the possession of cocaine base with intent to distribute. She asserts that the case should be remanded for resentencing because the district court did not realize that it had discretion not to impose consecutive sentences under U.S.S.G. § 5G1.2(d). Because Weekly did not object to the Government's assertion of mandatory consecutive sentences, review is for plain error. See United States v. Krout, 66 F.3d 1420, 1434 (5th Cir. 1995). As

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

there is nothing in the record establishing that the court was unaware of its discretion to impose concurrent sentences, there is no plain error.  See United States v. Vasquez-Zamora, 253 F.3d 211, 213 (5th Cir. 2001).

Weekly also contends that the district court erred in ruling that it had no authority to revisit its earlier findings at her initial sentencing hearing, regarding drug quantity and her role in the offense, and that the district court erred by applying the preponderance of the evidence standard in making those findings. As authority for its refusal to revisit those issues, the district court cited United States v. Hass, 199 F.3d 749, 753 (5th Cir. 1999) (holding that "all issues not arising out of the remand order which could have been brought in the original appeal are not proper for reconsideration by the district court below at resentencing"). Weekly argues that Hass does not preclude consideration of "newly relevant" issues that she lacked the incentive to challenge in her first appeal.  Even if we assume that the district court should have reconsidered Weekly's objections, any error is harmless, because the district court's findings concerning drug quantity and Weekly's role in the offense did not result in a sentence in excess of the statutory maximum of twenty years imprisonment.  See United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000), cert. denied, 531 U.S. 1177 (2001).  Weekly challenges the district court's use of the preponderance of the evidence standard to calculate her

Sentencing Guidelines range in order to preserve the issue for further review.  She concedes that, under our precedent, the district court used the proper standard for calculating the appropriate guideline range.  See Doggett, 230 F.3d at 165.

For the foregoing reasons, the sentence imposed by the district court is

A F F I R M E D.

3