United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 04-10286
Summary Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNY RAY WARD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-149-1-A
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Donny Ray Ward was convicted, pursuant to his guilty plea, of possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in an amount over 500 grams (Count One), possession of two unregistered destructive devices (Count Two), and (3) possession of a shotgun in furtherance of a drug trafficking crime (Count Three). In his first appeal, Ward attacked his conviction on Count Three and challenged his sentences on Counts One and Count Two. This court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affirmed in part and vacated in part and remanded for resentencing on Counts One and Two at offense level 29. See United States v. Ward, No. 02-10703 (5th Cir. Nov. 12, 2003) (unpublished). On remand, the district court sentenced Ward to a 10-year term of imprisonment on Count One and to a 108-month term of imprisonment on Count Two.

Ward contends that the district court's determination of the amount of drugs attributable to him as relevant conduct was clearly erroneous. He also argues that the district court erred in attributing to him 1.2 grams of methamphetamine that were for his personal use. Because this court decided these issues in Ward's original appeal, Ward may not obtain relief in this proceeding unless he demonstrates an exception to the law-of-the-case doctrine. See Morrow v. Dillard, 580 F.2d 1284, 1292 (5th Cir. 1978). Ward has failed to show that this court's determinations in his original appeal were "clearly erroneous," nor has he shown that any other exception applies. See Hopwood v. Texas, 236 F.3d 256, 272-73 (5th Cir. 2000); North Miss. Communications, Inc. v. Jones, 951 F.2d 652, 656 (5th Cir. 1992).

Ward argues that the Government did not prove beyond a reasonable doubt that he manufactured 500 grams or more of methamphetamine. Because Ward did not challenge his conviction on Count One in his original appeal, he may not do so in this proceeding. "A defendant cannot know which appellate argument might be successful, therefore each contested issue must be

appealed." <u>United States v. Hass</u>, 199 F.3d 749, 753 (5th Cir. 1999); <u>see</u> <u>also</u> <u>Brooks v. United States</u>, 757 F.2d 734, 739 (5th Cir. 1985) ("[A] second appeal generally brings up for revision nothing but proceedings subsequent to the mandate following the prior appeal.")

Ward argues that his 10-year mandatory minimum sentence on Count One is clearly erroneous and violates due process because he did not possess the required amount of drugs. Because this contention necessarily calls into question the validity of Ward's guilty plea on Count One, Ward may not raise the issue in this proceeding. <u>See</u> <u>Hass</u>, 199 F.3d at 753.

Ward also argues that the district court exceeded the scope of the mandate by sentencing him to the mandatory minimum sentence of 120 months' imprisonment on Count One. Because this issue is raised for the first time in Ward's reply brief, we do not consider it. <u>See</u> <u>Taita Chem. Co. v. Westlake Styrene Corp.</u>, 246 F.3d 377, 384 n.9 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.