**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

October 20, 2006[*]

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 06-2622 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, | Northern District of Illinois, |
| *Plaintiff-Appellee*, | Eastern Division. |
| *v.* | No. 03 CR 886 |
| ANTHONY BROWN, | Suzanne B. Conlon, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

In Anthony Brown's initial appeal, this court affirmed his convictions but ordered a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). *United States v. Gougis*, 432 F.3d 735, 746 (7th Cir. 2005).  The district judge conducted the *Paladino* remand and advised us that she would have imposed a shorter sentence had she known the Sentencing Guidelines were advisory. Accordingly, on April 5, 2006, we vacated Anthony Brown's sentence and remanded this case to the district court for resentencing.  The district judge held a resentencing hearing but denied Brown's request for a new Presentence Report and

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2)(C).

did not allow him to present evidence. The court imposed a sentence of 92 months, five months shorter than Brown's original 97-month sentence.

Brown now appeals, arguing that the district court committed reversible procedural error by refusing to conduct a full, "clean slate" resentencing. We agree. Unlike the limited *Paladino* remand, in which the district judge was asked to consider only the question of whether she would have imposed a lesser sentence under an advisory Guidelines system, our April 5, 2006 order vacating Brown's sentence and remanding for resentencing called for a complete—not limited—resentencing. *See United States v. White*, 406 F.3d 827, 832 (7th Cir. 2005); *United States v. Pollard*, 56 F.3d 776, 777 (7th Cir. 1995). That did not occur here. This is not to suggest that all the evidence Brown wanted to present should have been received by the district court, only that the resentencing, like the original sentencing, was not limited in nature and is governed by Rule 32 of the Federal Rules of Criminal Procedure. Accordingly, we once again vacate Brown's sentence and remand for resentencing. Circuit Rule 36 shall apply on remand.