# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40962
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO CABRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-140-11

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alejandro Cabrera was convicted after a jury trial of one count of conspiracy to possess with the intent to distribute cocaine and one count of conspiracy to commit money laundering. On appeal, we affirmed the drug conspiracy conviction, reversed the money laundering conspiracy conviction, and remanded the case for resentencing. *United States v. Ramirez*, 555 F. App'x 315, 319-321 (5th Cir. 2014). On remand, Cabrera objected to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40962

calculation of his base offense level based on the amount of cocaine attributed to him in the presentence report (PSR).  The district court concluded that this objection was beyond the scope of our remand and overruled the objection.  Cabrera received a within-guidelines sentence of 294 months.

Cabrera first contends that the district court erred in determining his offense level on remand.  This court reviews "the district court's interpretation of a remand order, including whether the mandate rule forecloses any of the district court's action on remand, *de novo.*"  *United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008).  Despite raising the issue of the drug quantity attributed to him in the PSR at his first sentencing, Cabrera argued in his first appeal only that the evidence was insufficient to support his drug conviction because the testimony of two of the Government's witnesses differed.  *See Ramirez*, 555 F. App'x at 317-24.  He did not argue in his first appeal, as he did in the district court, that the testimony of these two witnesses was insufficient to support the drug quantity attributed to him for purposes of relevant conduct.  Consequently, we did not consider the argument Cabrera now raises and did not submit the issue to the district court on remand.  Cabrera could have raised the issue of the calculation of his base offense level based on the amount of cocaine attributable to him during his first appeal but opted not to.  The drug quantity issue was therefore beyond the scope of this court's remand order, and the district court properly declined to address it.  *See Griffith*, 522 F.3d at 610; *United States v. Haas*, 199 F.3d 749, 751-53 (5th Cir. 1999).

Cabrera also contends that his within-guidelines sentence was substantively unreasonable because several members of a different drug conspiracy received significantly lower sentences than he did.  As Cabrera did not object below, our review is for plain error.  *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).  Cabrera has provided no evidence, such as nationwide

sentencing statistics, of an unwarranted disparity between his sentence and the sentences of any similarly situated defendants nationwide. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). Any disparity between Cabrera's sentence and those of the three individuals he cites was not unwarranted. *See* 18 U.S.C. § 3553(a)(6). The district court committed no error, plain or otherwise, in sentencing Cabrera to 294 months. *See Peltier*, 505 F.3d at 392.

AFFIRMED.