**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Harold STORY, Defendant–Appellant.**

**No. 97–2012.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 12, 1997.[1]

Decided Feb. 25, 1998.

---

1. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. *See* Fed. R.App. P. 34(a); Cir. R. 34(f).

Michael Jude Quinley (submitted), Office of the United States Attorney, Criminal Divi-

sion, Fairview Heights, IL, for Plaintiff–Appellee.

Gregory A. Adamski, Adamski & Conti, Chicago, IL, for Defendant–Appellant.

Before CUMMINGS, FLAUM and DIANE P. WOOD, Circuit Judges.

FLAUM, Circuit Judge.

This is a successive appeal of Harold Story's criminal conviction and sentencing for drug-related offenses. Story was originally convicted of four offenses: (1) conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 846; (2) use or carrying of firearms during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); (3) continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848; and (4) distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In his first appeal, we reversed Story's § 924(c) conviction, remanded for a new trial on that count, and remanded the entire case for resentencing. *United States v. Thomas*, 86 F.3d 647, 650–52, 656 (7th Cir.), *cert. denied sub nom. Story v. United States*, —— U.S. ——, 117 S.Ct. 392, 136 L.Ed.2d 307 (1996).

The § 924(c) charge was subsequently dismissed by the district court on the Government's motion. Also on remand, the district court vacated Story's conviction for conspiracy to distribute cocaine base following the Supreme Court's decision in *Rutledge v. United States*, 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996).[2] Thus, at this point, Story stands convicted of only two counts of the original indictment: distribution of cocaine base and conducting a continuing criminal enterprise. The district court sentenced Story to life imprisonment on the CCE conviction and 480 months imprisonment on the distribution conviction, with the sentences to run concurrently. The court also fined Story $10,000 and ordered a special assessment of $100.

Story raises a number of challenges in his current appeal. First, Story contends that the Court should vacate his conviction for distribution of cocaine base because punishing him for that offense and for his CCE conviction constitutes double jeopardy. Sec-

---

**2.** In *Rutledge,* the Supreme Court held that a criminal defendant may not be convicted of both CCE and conspiracy to distribute controlled substances. 517 U.S. at 300–301, 116 S.Ct. at 1247. Accordingly, on remand, the district court vacated Story's conviction for conspiracy to distribute and let stand his CCE conviction.

ond, he argues that the district court erred in sentencing him under USSG § 2D1.1(c) because the Government failed to prove that the controlled substance involved in his convictions was crack cocaine, as opposed to some other form of cocaine base. Third, he claims that there was insufficient evidence that the relevant amount of cocaine base for sentencing purposes exceeded 1.5 kilograms. Fourth, Story contends that the penalty provisions for cocaine base violate due process, equal protection, and the doctrine of lenity because they are much more severe than the penalties for other forms of cocaine. Fifth, and finally, Story claims that his prosecution constituted double jeopardy because of the prior civil forfeiture of his automobile.

■ In his third, fourth, and fifth claims, Story resurrects arguments that were decided against him in his prior appeal. See Thomas, 86 F.3d at 655–56. Generally, under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." United States v. Thomas, 11 F.3d 732, 736 (7th Cir.1993) (quoting United States v. Feldman, 825 F.2d 124 (7th Cir.1987)), cert. denied, 513 U.S. 960, 115 S.Ct. 419, 130 L.Ed.2d 334 (1994). Although we have the discretion to reconsider an issue that we have already decided in prior stages of litigation, see Avitia v. Metropolitan Club of Chicago, 49 F.3d 1219, 1227 (7th Cir.1995), we usually decline to do so unless "an intervening change in the law, or some other special circumstance, warrants reexamining the claim." Thomas, 11 F.3d at 736. Because Story points to no such change in the law relevant to his claims, or to any other special circumstance, we will not reconsider his claims relating to the quantity of cocaine involved, the constitutionality of the sentencing disparity between cocaine base and other forms of cocaine, or double jeopardy with respect to the earlier forfeiture proceedings.[3] Thus, we need to address only two of Story's

arguments on this appeal: his claim that double jeopardy principles prevent the court from convicting him of both CCE and distribution of cocaine base, and his claim that the Government failed to prove by a preponderance of the evidence that the substance involved in his convictions was crack cocaine.

Double Jeopardy

■ In Rutledge v. United States, 517 U.S. 292, 300–301, 116 S.Ct. 1241, 1247, 134 L.Ed.2d 419 (1996), the Supreme Court held that a criminal defendant may not be convicted of both the offense of conducting a continuing criminal enterprise and the offense of conspiracy to distribute cocaine base, for the latter is a lesser included offense of the former. Story argues that distribution of cocaine base, like conspiracy to distribute, is also a lesser included offense of conducting a continuing criminal enterprise; therefore, he argues, his conviction for distribution constitutes double jeopardy and must be vacated under Rutledge.

In Garrett v. United States, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), the Supreme Court considered a double jeopardy challenge to a CCE conviction that had as one of its predicate acts the defendant's earlier conviction, from another jurisdiction, for marijuana importation. Garrett held that the subsequent CCE conviction did not constitute double jeopardy. Following Garrett, we have rejected precisely the argument that Story makes here—that simultaneous convictions for both CCE and its predicate offenses constitute double jeopardy. See United States v. Jefferson, 782 F.2d 697, 700–01 (7th Cir.1986); United States v. Markowski, 772 F.2d 358, 361 (7th Cir.1985), cert. denied, 475 U.S. 1018, 106 S.Ct. 1202, 89 L.Ed.2d 316 (1986). Thus, Story's argument fails unless Rutledge overruled Garrett and the line of cases flowing from it.

Rutledge, however, goes out of its way to affirm the continuing vitality of Garrett. Af-

---

3. Story points to new evidence that, in his view, demonstrates that the automobile forfeited in the earlier proceedings belonged to him. However, we rejected his double jeopardy claim in the prior appeal not only because he failed to prove ownership of the car, but also because he failed to show that he had become a party to the forfeiture proceedings by making a claim of ownership. Thomas, 86 F.3d at 655 (a non-party to a forfeiture proceeding is not at risk and therefore jeopardy does not attach).

ter announcing its holding that the defendant's conviction for both CCE and conspiracy to distribute violated double jeopardy principles, the Court in *Rutledge* went on to state:

> *Garrett v. United States* is not to the contrary. There we affirmed the defendant's prosecution for a CCE violation even though he had previously pleaded guilty to a predicate crime of importing marijuana. That holding, however, merely adhered to our understanding that legislatures have traditionally perceived a qualitative difference between conspiracy-like crimes and the substantive offenses upon which they are predicated. No such difference is present here. In contrast to the crimes involved in *Garrett*, this case involves two conspiracy-like offenses directed at largely identical conduct.

*Rutledge,* 517 U.S. at 300 n. 12, 116 S.Ct. at 1247 n. 12 (citations omitted). Since *Rutledge* makes it clear that *Garrett* and its progeny remain in effect, we reject Story's argument that his conviction for CCE and the predicate offense of distribution of cocaine base violates the double jeopardy clause.

### Proof of Crack Cocaine

 Story's second argument relates to his sentencing under USSG § 2D1.1 for distribution of 1.5 kilograms or more of cocaine base. As we have recently explained, the term "cocaine base" in this guideline refers only to crack cocaine; more lenient sentencing provisions apply when other forms of cocaine base are involved. *See United States v. Earnest,* 129 F.3d 906, 915 (7th Cir.1997); *United States v. Adams,* 125 F.3d 586, 592 (7th Cir.1997). Story argues that the Government failed to prove by a preponderance of the evidence that the controlled substance underlying his distribution and CCE convictions was crack and not another form of cocaine base.

The district court rejected this argument in Story's resentencing hearing, stating that based upon "the evidence from the testimony of the experts, as well as taking into consideration the testimony of the other witnesses, the Court is convinced beyond any doubt whatsoever that the drugs involved in this case was crack cocaine". In reviewing the district court's resolution of this issue, "[o]ur task is to ensure that the district court did not commit legal error, misapply the Sentencing Guidelines, rely on a clearly erroneous finding of fact, or in some other way manifestly abuse its discretion." *United States v. Colello,* 16 F.3d 193, 195 (7th Cir. 1994). Upon reviewing the record with this standard in mind, we agree that sufficient evidence was presented that the substance was crack.

Story's only argument on appeal is that Thomas Sadowski, a forensic chemist who testified for the Government as an expert witness, admitted that the Government did not perform a quantitative analysis on the cocaine base to determine whether it was mixed with other substances or adulterants. Story contends that this isolated statement establishes that the Government failed to prove that the substance was crack. We disagree. Although Sadowski generally used the term "cocaine base" in his testimony rather than "crack," he also explained that "[c]ocaine base is what's called on the street as a rock". Furthermore, Sadowski explained to the jury "the process of converting the powder cocaine into the crack form, the cocaine base form" by mixing it with sodium bicarbonate. It is evident from this testimony that the Government's expert was using the terms "crack" and "cocaine base" interchangeably. Furthermore, two of Story's coconspirators, Kevin Garnett and Edgar Bradford, as well as numerous other witnesses, testified that the substance involved in the defendants' drug operation was crack. In light of this evidence, the district court did not abuse its discretion, much less make a clearly erroneous factual finding, in sentencing the defendant under the guidelines for crack cocaine.

### Conclusion

For the reasons given above, we affirm the judgment and sentence of the district court.