151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the MATTER of Princess SPENCER, Debtor.
Princess Spencer, Debtor-Appellant,
v.
Lynn M. Miller, Trustee-Appellee.
 No. 97-2944.
No. 3:96-CV-741RM.
 United States Court of Appeals, Seventh Circuit.
 Argued April 16, 1998.
Decided May 8, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division.
 Before FLAUM, RIPPLE and WOOD, Circuit Judges.
 ORDER
 MILLER, J.
 
 
 1
 After her termination as a police officer, Princess R. Spencer brought an action under 42 U.S.C. § 1983 against her employer, the city of Elkhart, Indiana. Magistrate Judge Robin D. Pierce, sitting by consent of the parties, entered summary judgment in the City's favor and on May 26, 1995, Spencer appealed to this court. Spencer v. City of Elkhart, No. 95-2292, ("Spencer I "). On April 11, 1995, shortly before the magistrate judge's ruling, Spencer filed for bankruptcy under Chapter Seven of the Bankruptcy Code of 1978.
 
 
 2
 Under 11 U.S.C. § 541(a)(1) a bankrupt's estate includes "all legal or equitable interests of the debtor," which includes causes of action. In re Geise, 992 F.2d 651, 655 (7th Cir.1993); United States v. Whiting Pools, Inc., 462 U.S. 198, 205 n. 9, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). The trustee asked the bankruptcy court for permission to settle Spencer I for $10,000, which the court granted on November 20, 1995. The city moved for the dismissal of Spencer I on the ground that Spencer was no longer the true party-in-interest, and, after being informed of the Bankruptcy Court's decision, we granted that request on December 20, 1995. Spencer I, No. 95-2292, at 2 (7th Cir. Dec. 20, 1995).
 
 
 3
 In making that ruling, this court necessarily dealt with the issue Spencer is attempting to raise in the present appeal: whether Indiana law, 11 U.S.C. § 541(c)(2), Patterson v. Shumate, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), or some combination thereof precluded the claim in Spencer I from being viewed as part of Spencer's bankruptcy estate. Concluding that none of Spencer's arguments had merit, we dismissed the case. Now, some two years later, Spencer has again asked us to find that her claims were not part of the estate, and thus not within the trustee's settlement authority.
 
 
 4
 This case is a prime candidate for a summary affirmance, because our prior decision is the law of the case. "[U]nder the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.' " United States v. Story, 137 F.3d 518, ----, 1998 WL 75693, at * 1 (7th Cir. Feb.25, 1998), quoting United States v. Thomas, 11 F.3d 732, 736 (7th Cir.1993). The only reason the district court did not dispatch it on this ground, and instead addressed the merits of Spencer's case, is because the trustee inexcusably failed to supply the court a copy of our prior decision.
 
 
 5
 We note in any event that Spencer's arguments are entirely without merit. Under 11 U.S.C. § 541(c)(2), any beneficial interest in a trust subject to a transfer restriction enforceable under nonbankruptcy law is excluded from the bankruptcy estate. Spencer uses this provision to make two related arguments: first, that because she had a property right in her employment, Howard v. Incorporated Town of North Judson, 661 N.E.2d 549, 553 (Ind.1996), and could not have assigned her job to another, any litigation related to that employment constitutes an excludable chose in action; and second, that the pension benefits she accumulated during the course of her employment prevented Spencer I from being the estate's property.
 
 
 6
 On Spencer's second argument, no one disputes that whatever pension benefits Spencer accumulated might be outside the estate, cf. Patterson, supra; In re Baker, 114 F.3d 636, 638 (7th Cir.1997), depending on how exactly those benefits were structured, but the trustee made no claim to those benefits. Spencer I involved a claim for damages under 42 U.S.C. § 1983, not pension benefits.
 
 
 7
 Spencer's first argument is frivolous. Just as the trustee would be entitled to funds in a bank account derived from Spencer's employment, so she is entitled to proceeds of litigation aimed at recovering the equivalent of those funds. Section 541(c)(2) excludes "beneficial interest[s] of the debtor in a trust " where there is a valid transfer restriction, 11 U.S.C. § 541(c)(2) (emphasis added), not all interests with transfer restrictions. Drewes v. Schonteich, 31 F.3d 674, 676 (8th Cir.1994). Spencer's interest in her employment was not a trust, pension-plan, transfer-restricted Individual Retirement Account, cf. In re Yuhas, 104 F.3d 612 (3rd Cir.), cert. denied, 521 U.S. 1105, 117 S.Ct. 2481, 138 L.Ed.2d 990 (1997), or otherwise even tenuously analogous to a trust.
 
 
 8
 Spencer challenges only whether the claim resolved in Spencer I could be viewed as part of her bankruptcy estate, not the trustee's decision to settle Spencer I or the bankruptcy court's decision to allow settlement. Following our earlier decision, we reiterate that the claim in Spencer I was the property of the estate, and we therefore AFFIRM the judgment of the district court.