**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mark V. BUCKLEY, Defendant–**
**Appellant.**

**No. 00–3845.**

United States Court of Appeals,
Seventh Circuit.

Submitted April 25, 2001.

Decided May 24, 2001.

Carolyn F. McNiven (submitted), Office of U.S. Atty., Criminal Div., Chicago, IL, for Plaintiff–Appellee.

Richard H. Parsons (submitted), Office of Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

POSNER, Circuit Judge.

Holding that obstruction of justice at the sentencing hearing precluded a sentencing discount for acceptance of responsibility, we vacated the defendant's sentence and remanded for resentencing. 192 F.3d 708 (7th Cir.1999). On remand the district judge duly resentenced Buckley without an acceptance of responsibility discount. This second appeal complains about the judge's refusal to depart downward on the basis of the defendant's claimed "extraordinary efforts at post-sentence rehabilitation." The specific complaint is that the judge thought herself precluded from considering such a downward departure by our opinion.

 The scope of a remand is determined, of course, by the order of remand, e.g., *Moore v. Anderson,* 222 F.3d 280, 283 (7th Cir.2000); *United States v. Parker,* 101 F.3d 527, 528 (7th Cir.1996); *United States v. Ben Zvi,* 242 F.3d 89, 95 (2d Cir.2001), and our remand was for the limited purpose of enabling the district judge to resentence the defendant without an acceptance of responsibility discount. Our ruling that the defendant was not entitled to the discount was the law of the case and bound the district judge unless extraordinary circumstances warranted reconsideration. *United States v. Aramony,* 166 F.3d 655, 662 (4th Cir.1999); United States v. Moored, 38 F.3d 1419, 1421 (6th Cir.1994); see generally *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988); *United States v. Polland,* 56 F.3d 776, 779 (7th Cir.1995). (Were this not the rule, piecemeal appeals would be encouraged.) Nor would she be entitled, again in the absence of extraordinary circumstances, to revisit other aspects of the

sentence, grounds for departure, etc.; for they would be outside the scope of the remand. *Id.* at 777–78; *Pearson v. Edgar,* 153 F.3d 397, 405 (7th Cir.1998); *United States v. Hass,* 199 F.3d 749, 752 (5th Cir.1999). But the qualification "in the absence of extraordinary circumstances" is vital. The order of remand did not preclude the judge's consideration of extraordinary unforeseen events occurring after the original sentencing, events not before us when we remanded the case, to the extent they bore on the sentence. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *United States v. Jackson,* 181 F.3d 740, 746–47 (6th Cir. 1999); *United States v. Apple,* 962 F.2d 335, 337 (4th Cir.1992); *Puente v. United States,* 676 F.2d 141, 145 (5th Cir.1982).

■ The district judge may not have understood this clearly—may have thought, as the defendant argues, that our order of remand prevented her from doing anything but lancing the acceptance of responsibility discount—but in any event she expressed dubiety about the defendant's claim of "post-sentence rehabilitation," and rightly so. Although some courts had entertained such claims as a ground for a downward departure before the Sentencing Commission nixed it, e.g., *United States v. Maldonado,* 242 F.3d 1, 5 (1st Cir.2001); *United States v. Cook,* 238 F.3d 786, 791 (6th Cir.2001); *United States v. Green,* 152 F.3d 1202, 1207 (9th Cir.1998); contra, *United States v. Sims,* 174 F.3d 911, 912 (8th Cir.1999), and the Commission's new guideline, U.S.S.G. § 5K2.19, is not applicable to our defendant (it took effect on November 1, 2000, six weeks after he was resentenced), see U.S.S.G. § 1B1.11(a); *United States v. Minneman,* 143 F.3d 274, 281 (7th Cir.1998), we cannot imagine how a defendant's decision to be on his best behavior for a period of time after sentencing (20 months in this case),

when he is hoping for a reversal that will require that he be resentenced, could be a persuasive ground for a sentencing discount. Anyway, the claim of post-sentencing rehabilitation here is based on modest religious activities that do not begin to justify the extraordinary relief requested.

AFFIRMED.