**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Ronald CARRUTHERS, Defendant–**
**Appellee.**

**No. 00–6156.**

United States Court of Appeals,
Sixth Circuit.

Jan. 16, 2002.

Before JONES and MOORE, Circuit Judges; and HAYNES,* District Judge.

## OPINION

MOORE, Circuit Judge.

The United States appeals the district court's downward departure in resentencing Defendant–Appellee Ronald Carruthers. The district court departed from the guideline range of ninety-seven to 121 months down to eighty-four months of imprisonment based on Carruthers's post-conviction rehabilitation. Given the substantial deference due to a district court's decision to grant a downward departure, we AFFIRM Carruthers's sentence.

## I. BACKGROUND

On August 31, 1998, Carruthers pleaded guilty to one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Although the presentencing report ("PSR") calculated a guidelines range of ninety-seven to 121 months' imprisonment, at Carruthers's initial sentencing hearing the district court departed downward, based on the "totality of these facts and circumstances," and sentenced Carruthers to eighty-four months' imprisonment. In a previous unpublished opinion, we vacated that sentence, holding that the grounds relied upon by the district court were not proper grounds for a downward departure, and remanded to the district court for resentencing. *United States v. Carruthers*, Nos. 99–5037/99–5058, 2000 WL 712382 (6th Cir. May 23, 2000).

At the subsequent resentencing hearing, defense counsel made an oral motion for a downward departure based on Carruth-

---

\* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

ers's post-conviction rehabilitation pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 5K2.0 (1997). In support of this motion, defense counsel submitted correspondence from members of the community in support of Carruthers, certificates evidencing that Carruthers had completed a number of courses while incarcerated, including courses in photography, a foreign language, and physical education, and statements from counselors and instructors relating to Carruthers's activities in prison. Defense counsel argued:

> The counselors have indicated that Mr. Carruthers has manifested a certain eagerness to improve himself, he's been a good student, been prompt, if not early, he's been consistent and regular in his attendance of those classes, and I think that does go to not just obeying the rules but does at least display to this court a commitment to try and do something to better himself.

Joint Appendix ("J.A.") at 37. In addition, Carruthers spoke in his own behalf at the hearing, emphasizing that he had taken the district court's advice from his initial sentencing hearing and had applied himself in an effort "to rehabilitate himself and to do some productive things." J.A. at 40. The United States opposed this motion, arguing that the record did not disclose that Carruthers's efforts, while admirable, had been sufficiently extraordinary to warrant the requested downward departure.

The district court granted Carruthers the downward departure for post-conviction rehabilitation, concluding (speaking directly to Carruthers):

> I am encouraged by the documents that you and [defense counsel] have shown me this morning, I do think that what you have embarked upon is more than simply obeying the rules and doing what is expected because ... I think that you

> have taken the path that you are going to use this experience and get all that you can from it so that you can in fact go back in society and be productive.

J.A. at 45. On July 12, 2000, the district court reimposed the sentence of eighty-four months. This timely appeal followed.

## II. ANALYSIS

We review a district court's decision to depart downward from the applicable guideline range for abuse of discretion. *See Koon v. United States,* 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). In *Koon,* the Supreme Court held that "[a] district court's decision to depart from the Guidelines ... will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." *Id.* "Before a departure is permitted, certain aspects of the case must be found unusual enough for [the case] to fall outside the heartland of cases in the Guideline." *Id.* This determination requires "a refined assessment of the many facts bearing on the outcome, informed by [the sentencing court's] vantage point and day-to-day experience in criminal sentencing." *Id.* The *Koon* Court concluded that sentencing courts have "an institutional advantage" over appellate courts in making such determinations, given that the overwhelming majority of guidelines cases are not appealed. *Id.*

*Koon* also held, however, that "whether a factor is a permissible basis for departure under any circumstances is a question of law, and the court of appeals need not defer to the district court's resolution of the point." *Id.* at 100, 116 S.Ct. 2035. "The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Id.*

We have held that a district court may depart downward to account for post-con-

viction (or "post-sentence") rehabilitation "when '[such rehabilitation] is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.'" *United States v. Rudolph,* 190 F.3d 720, 725 (6th Cir.1999) (quoting *Koon,* 518 U.S. at 96, 116 S.Ct. 2035). *Rudolph* held that, for such rehabilitation to qualify for the downward departure, it "must far exceed that required for eligibility for the acceptance-of-responsibility sentence reduction of USSG § 3E1.1, and must seem extraordinary or exceptional when compared to the rehabilitation of other defendants." *Id.* at 728. Moreover, a sentencing court "may grant the departure only when the extraordinary rehabilitation takes the case out of the heartland anticipated by the guidelines." *Id.*

Although a recent amendment to the Sentencing Guidelines, U.S.S.G. § 5K2.19, App. C, amendment 602 (effective Nov. 1, 2000), has eliminated the downward departure for post-sentencing rehabilitation efforts, this amendment was not effective at the time of Carruthers's resentencing. *See United States v. Buckley,* 251 F.3d 668, 670 (7th Cir.2001) (noting that § 5K2.19 was not effective at the time of resentencing and thus that the downward departure for post-sentencing rehabilitation was theoretically available); *United States v. Yeaman,* 248 F.3d 223, 228 (3d Cir.2001) (same). Thus, despite this recent prospective change in the Sentencing Guidelines, we must consider the district court's downward departure in the present case under *Rudolph.*

■ The evidence presented to the sentencing court in this case indicates that Carruthers's efforts went beyond "mere rehabilitation," the taking of required courses, or the performance of required labor. *See Rudolph,* 190 F.3d at 728. *See also United States v. Johnson,* No. 98–

2212, 2000 WL 222572, at *7 (6th Cir. Feb. 16, 2000). Similarly, Carruthers's efforts unquestionably exceeded those required by the acceptance of responsibility reduction. *See Rudolph,* 190 F.3d at 726. Moreover, unlike the defendant in *Johnson, see* 2000 WL 222572, at *7, Carruthers has not committed any infractions while in prison that call into question his rehabilitation. Thus, given the substantial deference due to the decision of a sentencing court to depart downward, we affirm the district court's decision to grant the downward departure in this case.

■ The district court clearly concluded that Carruthers's efforts at self-improvement were "extraordinary":

I believe that post-conviction conduct, where it is presented at a resentencing, is appropriate to take into account and can be where it is an extraordinary nature as a basis for departure.

In this case I am going to grant the requested departure....

J.A. at 45. The district court considered the correspondence and other information submitted by defense counsel, from which the court concluded that Carruthers's efforts at rehabilitation and self-improvement amounted to "more than simply obeying the rules and doing what [was] expected." J.A. at 45. Defense counsel argued that these efforts were "not the norm" for prisoners, which defense counsel described "colloquially ... as sitting on their duff[s] and just [biding their] time until their release date[s]," but were instead "out of the ordinary." J.A. at 28. The district court apparently agreed with this assessment of Carruthers's rehabilitative efforts. The district court also heard from Carruthers himself and concluded that Carruthers's efforts at rehabilitation were genuine. Thus, even if we would not have granted the downward departure on these particular facts, we will defer to the

institutional advantages of the district court. *Cf. United States v. DeShon,* 183 F.3d 888, 890–91 (8th Cir.1999) ("On this question, the District Court has wide discretion.... The District Court was clearly persuaded by the testimony that the manner and conduct of [defendant's] life had changed, and that his post-offense rehabilitation efforts were exceptional. While we might not have reached the same decision, or might not have departed downward as much as the District Court did, we see nothing to convince us that the Court abused its discretion in doing so."); *see also United States v. Sally,* 116 F.3d 76, 81 (3d Cir.1997) ("[A]t a minimum, there must be evidence demonstrating that a defendant has made concrete gains toward 'turning his life around' before a sentencing court may properly rely on extraordinary post-conviction rehabilitation efforts as a basis for a downward departure.").

### III. CONCLUSION

For the foregoing reasons, we AFFIRM Carruthers's sentence.