UNITED STATES of America, Plaintiff–Appellee,

v.

Latitdus JONES, Defendant–Appellant.

No. 02–1279.

United States Court of Appeals, Seventh Circuit.

Submitted May 31, 2002.

Decided July 12, 2002.

Before POSNER, DIANE P. WOOD, WILLIAMS, Circuit Judges.

**ORDER**

Latitdus Jones pleaded guilty to bank robbery and was sentenced to 153 months' imprisonment based, in part, on the district court's determination that he qualified as a career offender under the Sentencing Guidelines. After he challenged his sentence on appeal, we reversed, finding that a previous conviction was not a crime of violence and therefore did not

qualify him as a career offender. We ordered remand for resentencing without consideration of the career criminal enhancement. On remand, the district court imposed a sentence of 100 months. Jones filed a timely notice of appeal, but his attorney has moved to withdraw claiming that he cannot discern a nonfrivolous issue for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Jones has filed his response to his attorney's *Anders* brief and after considering both filings, we grant the motion to withdraw and dismiss the appeal.

Counsel's *Anders* brief is adequate; therefore, we will not conduct an independent review of the record. Instead we limit our review to the potential issues counsel has identified. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). Having reviewed the *Anders* brief and Jones's response, we conclude that no nonfrivolous argument could be raised in support of Jones's appeal. First, the district court did not commit error in imposing sentence on remand. The sentence was well within the guideline range and did not result from an incorrect application of the guidelines. *See* 18 U.S.C. § 3742(a); *see also United States v. Hardy,* 101 F.3d 1210, 1212 (7th Cir.1996) (We lack jurisdiction over a defendant's appeal of his sentence unless it was imposed in violation of the law, as a result of an incorrect application of the guidelines, or is greater than the specified guideline range.). As to Jones's arguments challenging his conviction, the district court did not address these arguments on remand, but correctly confined her analysis to the issue remanded—calculation of his sentence without the career offender enhancement. *See United States v. Buckley,* 251 F.3d 668, 669 (7th Cir.2001). In any event, no nonfrivolous argument could be made. The judge did

not explain the elements of the offense to Jones but this omission is not fatal because Jones was informed of the nature of the offense. *See United States v. Martinez,* 289 F.3d 1023, 1029 (7th Cir.2002); *see also* Fed.R.Crim.P. 11(c)(1). Furthermore, that the monies taken in the robbery may not have been federally insured deposits is of no moment. What is clear is that to be charged and convicted of bank robbery under 18 U.S.C. § 2113, Jones must have taken money from a bank whose deposits are insured by the Federal Deposit Insurance Corporation. Nothing in the statute requires that the government prove the stolen funds were FDIC insured deposits, although we have no doubt that they were.

Therefore, we GRANT counsel's motion to withdraw and DISMISS Jones's appeal.