**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Harold L. STORY, Defendant–Appellant.**

No. 01–3926.

United States Court of Appeals, Seventh Circuit.

Submitted July 24, 2002 *.

Decided July 24, 2002.

Before Hon. WILLIAM J. BAUER, Hon. KENNETH F. RIPPLE, Hon. DANIEL A. MANION, Circuit Judges.

### ORDER

Harold Story was convicted of conspiracy to distribute cocaine base and distribution of cocaine base, and he received a sentence of 40 years' imprisonment. Mr. Story now appeals, but his appointed counsel has filed a motion under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), claiming that any appeal would be futile. Because counsel's *Anders* brief is facially adequate, we confine our review to the potential issues identified by counsel and by Mr. Story in his submission filed under Circuit Rule 51(b).

Mr. Story was convicted at a jury trial of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1); use of a firearm during a drug crime in violation of 18 U.S.C. § 924(c); engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848; and distribution of cocaine base in violation of 21 U.S.C. § 841(a). He was sentenced to life imprisonment. Mr. Story appealed, arguing, in part, that the jury instruction

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

for the § 924(c) count violated *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), because it suggested that "possession" of a firearm during a drug crime was equivalent to "use" of a firearm. We vacated Mr. Story's § 924(c) conviction, and remanded for a new trial. *United States v. Thomas,* 86 F.3d 647, 656 (7th Cir.1996). We affirmed, however, Mr. Story's conspiracy, distribution, and CCE convictions. *Id.*

On the government's motion, the district court then dismissed the § 924(c) count. The court also vacated Mr. Story's conspiracy conviction in light of *Rutledge v. United States,* 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996), which held that a separate conviction and sentence for both conspiracy to distribute under § 846 and CCE under § 848 constitute double jeopardy because conspiracy is a lesser included offense of a CCE charge. The court sentenced Mr. Story to life imprisonment for CCE and 40 years for distribution of cocaine base, with the sentences to run concurrently. We affirmed. *United States v. Story,* 137 F.3d 518 (7th Cir.1998).

Mr. Story subsequently filed a motion under 28 U.S.C. § 2255, claiming that his CCE conviction was based upon improper jury instructions, in violation of *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). *Richardson* held that a defendant may not be convicted of CCE based upon a continuing series of violations unless the jury unanimously agrees about which violations make up the continuing series. In its response, the government conceded that the jury instructions were indeed improper, and moved the court to vacate Mr. Story's CCE conviction and reinstate his conspiracy conviction. The district court found that it had the authority under *Rutledge v. United States,* 230 F.3d 1041 (7th Cir. 2000), to grant the government's motion. The court therefore vacated Mr. Story's

CCE conviction and reinstated his conspiracy conviction.

At this point, only two of the four original convictions still stood against Mr. Story: a conviction for conspiracy and a conviction for distribution. At Mr. Story's resentencing, his attorney argued, based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that, because a jury had not determined beyond a reasonable doubt the amount of drugs for which Mr. Story was responsible, the court could not impose sentences in excess of twenty years-the statutory maximum for distributing and conspiring to distribute an unspecified amount of drugs. The district court agreed and sentenced Mr. Story to two terms of twenty years, one for each count, to be served consecutively.

■ In his *Anders* brief, counsel addresses whether Mr. Story could argue that the district court violated *Apprendi* by imposing a total term of imprisonment for both counts that exceeded the twenty-year statutory maximum. Because the court imposed the sentences consecutively, Mr. Story was sentenced to a total of forty years. For the purposes of *Apprendi,* however, what matters is that the length of each *individual* sentence falls below the statutory maximum. *See United States v. Martinez,* 289 F.3d 1023, 1027 (7th Cir. 2002). Neither of Mr. Story's sentences, by itself, exceeds the statutory maximum of twenty years under 21 U.S.C. § 841(b)(C). *See Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. As long as each sentence by itself complies with *Apprendi,* nothing prohibits the sentencing court from imposing two sentences consecutively, even if the result is a total prison term that exceeds the statutory maximum for either of the two offenses. *Martinez,* 289 F.3d at 1027.

■ Mr. Story next argues that the district court violated *Apprendi* when it found

him responsible for 1.5 kilograms of cocaine base at resentencing; he argues that this finding exposed him under the Sentencing Guidelines to the possibility of life imprisonment, a sentence in excess of the statutory maximum. Mr. Story also suggests that the fact that drug quantity was not submitted to the jury required the court under *Apprendi* to sentence him using the guideline provision for quantities of cocaine base below 250 milligrams; this provision would place Mr. Story at the lowest base offense level available under the guidelines for an offense involving cocaine base. But *Apprendi* does not prohibit the application of the guidelines to sentences that "fall within a statutory cap." *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir.2000). As long as neither of Mr. Story's sentences exceeded the twenty-year statutory maximum, the court complied with *Apprendi*.

Mr. Story further argues that his sentence violates *Apprendi* because the jury made no finding as to the identity of the drugs involved in his offense. He contends that it was not proven beyond a reasonable doubt that his offense involved cocaine base. Drug identity was a factor that enhanced his sentence above the statutory maximum, Mr. Story argues, because cocaine base is a Schedule II drug and the statutory maximum for a Schedule II drug is higher than the statutory maximum for drugs in Schedules III, IV, and V. But Mr. Story was indicted for distribution and conspiracy to distribute cocaine base, and the jury instructions explicitly stated that the jurors must find beyond a reasonable doubt that Mr. Story had distributed and conspired to distribute cocaine base before they could return guilty verdicts on those counts. An appeal based on this argument would be frivolous.

Finally, Mr. Story urges that the district court erred by not affording him an opportunity to challenge the reinstatement of his conspiracy conviction after it vacated his CCE conviction, as required by *Rutledge v. United States*, 230 F.3d 1041 (7th Cir. 2000). Mr. Story points to language in *Rutledge* stating that "a court should notify the defendant that it is contemplating reinstating a vacated conviction before it renders its decision in order to give the defendant the opportunity to challenge any reinstated convictions." *Id.* at 1049. But it is undisputed that the government filed a motion to reinstate the conspiracy conviction, and, consequently, Mr. Story was put on notice that reinstatement of the conviction was a distinct possibility. *Id.* (finding that a telephone conference in which the district court raised the question of reinstating a defendant's conspiracy conviction provided sufficient notice to the defendant). Thus any appeal challenging the reinstated conspiracy conviction would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.