**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rickey SWIFT and Joseph Taylor,
Defendants–Appellants.**

Nos. 01–4072, 01–4093.

United States Court of Appeals,
Seventh Circuit.

Argued April 18, 2003.

Decided April 25, 2003.

Rehearing and Rehearing En Banc

Denied June 2, 2003.*

Before EASTERBROOK, DIANE P. WOOD, and EVANS, Circuit Judges.

* Chief Judge Flaum did not participate in the consideration of the petition for rehearing en

## ORDER

We first met Ricky Swift and Joseph Taylor when the government appealed an order of the district court suppressing evidence which revealed that they robbed a bank in Osceola, Indiana. We reversed that decision. *United States v. Swift*, 220 F.3d 502 (2000). During their subsequent trial, Swift and Taylor contended that a police officer changed his testimony relevant to the suppression issues; they again asked the district judge to suppress the evidence. He declined, relying on the law of the case established by our decision. Swift and Taylor appeal that issue and, in addition, contend that the juror selection plan of the Northern District of Indiana is unconstitutional because it failed, in their case, to produce a jury pool with at least one minority member. We reject both arguments.

Our earlier decision sets out in copious detail the facts about this robbery; mercifully, we will not repeat them here. The alleged change in testimony involved whether this case involved two *Terry* stops rather than one as our decision implied. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). At trial, Officer Hurley seemed to be uncertain whether after the stop Swift was allowed to get back into his Jeep. Hurley also said that he "may have" handed back to Swift the vehicle registration, whereas his normal practice was to retain the registration until the *Terry* stop is completed. The registration was found in the glove box when the Jeep was later searched. This, Swift and Taylor assert, means that they were stopped, let go, and stopped again.

█ Officer Hurley's trial testimony does not change our original conclusion.

banc in this case.

For one thing, we are not convinced that there were, in fact, two *Terry* stops. *Cf. United States v. Peters,* 10 F.3d 1517 (10th Cir.1993); *United States v. Garcia,* 23 F.3d 1331 (8th Cir.1994). More importantly, there is nothing here which would have allowed the district judge to ignore the law of the case. It is well-established that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *United States v. Feldman,* 825 F.2d 124, 130 (7th Cir.1987); *United States v. Story,* 137 F.3d 518 (7th Cir. 1998). It is true that in an extraordinary circumstance the doctrine does allow some flexibility. *See, e.g., United States v. Buckley,* 251 F.3d 668 (7th Cir.2001); *Evans v. City of Chicago,* 873 F.2d 1007 (7th Cir.1989). But this is not such a case.

■ For another reason, the decision as to Taylor is the law of the case. We found that he lacked standing to assert claims as to the seized evidence. Nothing presented here would move us to change that conclusion.

■ The defendants' objections to the jury plan as unconstitutional and a violation of the Jury Selection and Service Act of 1968 (28 U.S.C. §§ 1861–1878) also fail. In the first place, their objection was untimely. A motion must be made "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier." 28 U.S.C. § 1867(a). Furthermore, we have previously considered and rejected a nearly identical claim involving the venire in the Northern District of Indiana. *United States v. Phillips,* 239 F.3d 829 (7th Cir.2001). As to the constitutional issue, we noted in *Phillips* that, while the right to a jury trial guarantees the criminal defendant a fair trial by a panel of impartial jurors, there is no requirement that a venire or jury panel itself mirror the general population. We have also said that "the makeup of any given venire is not significant, provided all rules for selection have been observed." *United States v. Duff,* 76 F.3d 122, 125 (7th Cir. 1996) (citing *Holland v. Illinois,* 493 U.S. 474, 110 S.Ct. 803, 107 L.Ed.2d 905 (1990)).

The judgments of conviction are AFFIRMED.