NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 29, 2007
Decided August 17, 2007

**Before**

Hon. William J. Bauer, *Circuit Judge*

Hon. Diane P. Wood, *Circuit Judge*

Hon. Ann Claire Williams, *Circuit Judge*

Nos. 06-1884 and 06-2870

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> v. <br><br> KEVIN REED and ANTOINE HILL, <br> *Defendants-Appellants*. | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 02 CR 236 <br><br> Elaine E. Bucklo, <br> *Judge*. |

**O R D E R**

This is the second effort by Kevin Reed and Antoine Hill to obtain relief from their sentences for drug dealing. In their first appeal, we affirmed their convictions and remanded for re-sentencing in accordance with *United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005). At their re-sentencing, the defendants raised certain objections to the Guideline calculations for the first time. The district court determined that the "law of the case" prevented it from revisiting the Guideline determination and, after analyzing the § 3553(a) factors, sentenced Hill to 226 months' imprisonment and Reed to 300 months' imprisonment. Defendants appeal their sentences, and we affirm.

In December 2000, the FBI and the Joliet Police Department, together with several other agencies, conducted a narcotics investigation into a drug ring operating

in Joliet, Illinois. As a result of the investigation, Reed and Hill were charged with, among other things, conspiracy to distribute and to possess with intent to distribute in excess of five kilograms of cocaine and in excess of 50 grams of cocaine base. Reed, who was the central figure in the conspiracy, pleaded guilty to the conspiracy charge. Hill was convicted of conspiracy and two counts of using a telephone to facilitate the conspiracy but was acquitted of a substantive count of possession with the intent to distribute in excess of 500 grams of cocaine.

In their first appeal, Hill and Reed raised several issues regarding their sentences. Hill claimed that his Sixth Amendment right to a jury trial was violated because his sentence was based, in part, upon facts found by the judge rather than the jury. Reed claimed that the district court improperly determined that the government's proffer letter encompassed his entire cooperation agreement and the district court failed to remedy the prosecutor's breached promise to seek a downward departure in his sentence in exchange for his cooperation. Their final challenge, that their sentences violated *Booker*, was successful. We remanded the case for re-sentencing in accordance with *Paladino*.

At their re-sentencing, Hill and Reed asserted new challenges to their sentences by claiming that the district court improperly calculated their criminal history categories. Hill also claimed that the district court improperly calculated his offense level. The district court rejected defendants' arguments, determining that the "law of the case" prevented it from recalculating the Guideline range. Defendants timely filed this appeal. Reed's attorney has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), because he cannot discern any nonfrivolous ground for appeal. We invited Reed to respond to counsel's motion, see Cir. R. 51(b), and he has done so. Thus, in regard to Reed, we confine our review of the record to the potential issues raised in Reed's attorney's facially-adequate brief and Reed's Rule 51(b) response.

We review *de novo* whether an issue is the law of the case. *See Moore v. Anderson*, 222 F.3d 280, 283 (7th Cir. 2000). The law-of-the-case doctrine requires a district court to confine its discussion to the issues remanded, and bars the district court from addressing issues that could have been raised on appeal. *See United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001). "[A]ny issue conclusively decided by this court on the first appeal is not remanded." *United States v. Husband*, 312 F.3d 247, 251 (7th Cir. 2002). Additionally, the court's silence on an issue implies that it is not available for consideration on remand. *Id.*

In their original appeal, Hill and Reed failed to challenge the individual sentencing calculations made by the district court. The law of the case prevented them from raising these new issues at their re-sentencing because they were outside the scope of the remand. *See United States v. Buckley*, 251 F.3d 668 (7th Cir. 2001) (rejecting

defendant's argument that the district court erred by refusing to consider at sentencing argument on remand which was not raised in the initial appeal), *United States v. Sumner*, 325 F.3d 884 (7th Cir. 2003) (same). The district court properly found that it could not reevaluate the new issues.

For the foregoing reasons, we AFFIRM the judgment of the district court.