**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth Lee NORMAND,
Defendant–Appellant.**

No. 02–30062.

D.C. No. CR–98–05389–JET.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

---

* This panel unanimously finds this case suit-

Before BEEZER, KLEINFELD and PAEZ Circuit Judges.

### MEMORANDUM**

■ Following a remand for resentencing, Kenneth Lee Normand appeals his 235–month sentence for two counts of attempted manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); physical interference with a search, in violation of 18 U.S.C. § 2232(a); and witness-tampering, in violation of 18 U.S.C. § 1512(b). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291,[1] and we vacate and remand for resentencing.

Normand contends that the district court erred by finding that it lacked the authority to depart downward based on post-sentencing rehabilitation. Because Normand did not object in the district court, we review for plain error. *See United States v. Castillo–Casiano*, 198 F.3d 787, 789 (9th Cir.1999), *as amended*, 204 F.3d 1257 (9th Cir.2000).

■ At the time of resentencing, United States Sentencing Guidelines § 5K2.19 (2000) precluded departures based on post-sentencing rehabilitation. This was a change from the prior Guidelines as construed by *United States v. Green*, 152 F.3d 1202, 1207 (9th Cir.1998)

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Normand's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because the district court advised Normand that he had the right to appeal, the appeal waiver contained in the resentencing agreement is not enforceable, and we have jurisdiction. *See United States v. Buchanan*, 59 F.3d 914, 917–18 (9th Cir.1995).

(per curiam), which applied at the time of Normand's offense and initial sentencing. To avoid an ex post facto violation at re-sentencing, the district court was required to apply the earlier version of the guidelines, which did not foreclose departure on this ground. *See United States v. Johns*, 5 F.3d 1267, 1272–73 (9th Cir.1993). The evidence presented to the district court "might possibly" support a discretionary departure. *See Castillo–Casiano*, 198 F.3d at 791. Because the sentencing error may have affected the length of Normand's sentence, we conclude there is plain error, and vacate the sentence to allow the district court to exercise its discretion on this issue. *See Id.* at 792; *Johns*, 5 F.3d at 1272 n. 2. We express no opinion on the merits of such a departure.

**VACATED and REMANDED for re-sentening.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Frazier's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.