**UNITED STATES of America, Plaintiff—Appellee,**

v.

**William Douglas LOMOW, Defendant—Appellant.**

No. 02–10326.

D.C. No. CR–98–40009–1–CW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2003.

Decided April 1, 2003.

Before KOZINSKI, GRABER, and BERZON, Circuit Judges.

MEMORANDUM*

Defendant William Douglas Lomow appeals the sentence that he received on remand. We affirm.

1.  Defendant's main argument is that the district court misinterpreted our remand in the prior appeal, *United States v. Lomow*, 266 F.3d 1013 (9th Cir.2001). It did not.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In the prior appeal, we held that the district court had correctly sentenced Defendant to 72 months on the money-laundering conviction, *id.* at 1018; turning to the conspiracy count, we noted that the statutory maximum sentence was 60 months, not 72 months, and therefore vacated his "sentence on that count" so the district court could correct this mistake, *id.* at 1022. Again, in our summary, we stated that we were affirming the district court's application of the guidelines to the money-laundering conviction but vacating "the sentence imposed on the conspiracy count." *Id.* at 1023. Our tag line vacated only "in part" and remanded for "resentencing in accordance with the above instructions." *Id.* Accordingly, the district court properly limited its action to resentencing Defendant to the 60–month statutory maximum on the conspiracy count, to run concurrently with the 72–month sentence for money laundering. *See United States v. Matthews*, 278 F.3d 880, 889 (9th Cir.) (en banc) (noting that we may limit the scope of the sentencing issue on remand), *cert. denied*, 535 U.S. 1120, 122 S.Ct. 2345, 153 L.Ed.2d 173 (2002).

2. Defendant also claims that the district court violated the "one-book" and "grouping" rules. Neither argument avails Defendant because he properly was resentenced on only one count in accordance with our remand. Additionally, any error in this regard was invited by Defendant's specific request for relief in the first appeal. The sentence for money laundering is not subject to a backdoor second appeal.

3. Finally, Defendant argues that the district court erroneously held that it could not grant a downward departure for post-sentencing rehabilitation. Any error in this regard was harmless because the court said that, even if such a departure were allowed, the sentence would not fall below 60 months at all events.

AFFIRMED.

BERZON, Circuit Judge, concurring.

I concur in the disposition but on a somewhat different analysis:

Any remand for resentencing, even if limited, must be understood to require the district court to devise a sentence for the conviction as a whole that is not in violation of the United States Sentencing Guidelines (the "Guidelines"). So, for example, if adjusting the erroneous sentence on one count required "regrouping" it with other counts upon resentencing to be proper under the Guidelines, the court on remand would have to regroup. Similarly, on remand the new sentence overall would have to comply with the "one-book" rule. *See* U.S.S.G. § 1B1.11(b)(2) (requiring application of the Guidelines Manual in effect on a particular date in its entirety).

In this instance, the district court erred when resentencing Lomow because it applied § 5K2.19 of the 2001 Guidelines, in violation of the ex post facto clause of the Constitution. *See United States v. Ortland*, 109 F.3d 539, 546 (9th Cir.1997) (holding that "when application of a version of the Guidelines enacted after the offense leads to a higher punishment than would application of the Guidelines in effect at the time of the offense, there is an ex post facto problem"); *see also United States v. Maldonado*, 242 F.3d 1, 5 (1st Cir.2001) (holding that application of § 5K2.19 to defendant was error because downward departure for post-sentencing rehabilitation was permissible at the time defendant committed the offense). Section 5K2.19, enacted after Lomow committed his offenses, prohibits downward departure on the basis of post-sentencing rehabilitation. U.S.S.G. § 5K2.19. Because downward departure for post-sentencing

rehabilitation was permissible at the time Lomow committed his offenses the court should have considered Lomow's request for downward departure at resentencing. *See Ortland,* 109 F.3d at 546–47. The district court was therefore required when resentencing to apply the Guidelines in effect at the time of Lomow's offenses to the conspiracy count and therefore, under the "one-book" rule, to all counts committed at the same time. U.S.S.G. § 1B1.11; *cf. Ortland,* 109 F.3d at 546–47 (allowing sentencing under different Guidelines Manuals for multiple offenses where some were completed before and some after Guidelines amendments went into effect).

Calculating the conspiracy sentence under the 2001 Guidelines was therefore error. I concur, however, because the district court's error was harmless. The 72–month money-laundering sentence was proper under the 1998 Guidelines for both "grouping" and "one-book" purposes, so it was valid under the Guidelines and there was no reason to reconsider it. The court also indicated that it was unwilling to depart below 60 months on the conspiracy count. Therefore, as the majority notes, even if the court had properly considered downward departure for post-sentencing rehabilitation on the conspiracy count, Lomow's sentence would not have changed.

** The Honorable Glenn L. Archer, Jr., Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.