BOGGS, Chief Judge.
The United States appeals the 51-month prison sentence imposed by the district court upon Albert DeSantis’s resentencing. The government specifically appeals the three-level downward departure granted based on DeSantis’s post-sentencing rehabilitation.
DeSantis had been convicted of mail and securities fraud and was incarcerated at a federal prison in Kentucky when a federal grand jury returned an indictment in this case on May 14, 1998. After his first conviction,[1] and while awaiting sentencing, DeSantis devised and executed a scheme of bankruptcy fraud, money laundering, and witness intimidation. He entered into *519 a plea agreement with the government, in which he pled guilty to counts of bankruptcy fraud, money laundering, and witness tampering. On the same day that he entered his guilty plea, he was resentenced to 51 months of imprisonment for his initial conviction for mail and securities fraud.
Several months later, DeSantis was sentenced to 51 months in prison for his latter conviction, 48 months of which was to be served concurrently, and three months of which was to run consecutively with the 51 months in prison previously imposed for his initial conviction. The district court granted DeSantis a three-level downward departure, pursuant to United States Sentencing Guidelines § 2X1.1, for committing attempted bankruptcy fraud, rather than the completed offense. U.S.S.G. § 2Xl.l(b)(l). The government appealed. Upon appeal, this court held that DeSantis was guilty of a completed offense, not an attempt, and therefore the district court had erred in applying the attempt guideline. We vacated the sentence, dismissed DeSantis’s cross-appeal, and remanded the case to the district court for resentencing. United States v. DeSantis, 237 F.3d 607, 614 (6th Cir.2001).
At resentencing, the district court found, without objection, that DeSantis’s base offense level was 25, and that his criminal history category was III. This resulted in a sentencing guideline range of 70-87 months. The district court granted De-Santis’s motion for a three-level downward departure based on DeSantis’s post-sentencing rehabilitation, and again imposed a sentence of 51 months in prison.
The government argues that the district court erred when it granted a downward departure based on post-sentencing rehabilitation. It points out that the United States Sentencing Commission amended U.S.S.G. Ch. 5, Pt. K, by adding a policy statement at § 5K2.19, which states:
Post-Sentencing Rehabilitative Efforts (Policy Statement) Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense. (Such efforts may provide a basis for early termination of supervised release under 18 U.S.C. § 3583(e)(1).)
This amendment became effective on November 1, 2000. DeSantis was resentenced on June 27, 2001. DeSantis argued in his motion for downward departure that § 5K2.19 should not apply to his re-sentencing as it would violate the ex post facto clause of the United States Constitution. U.S. Const. Art. I, § 9. The district court did not apply this policy statement, and instead relied on this court’s holding, in United States v. Rudolph, 190 F.3d 720 (6th Cir.1999), that post-offense rehabilitation in prison might constitute a sufficient factor for a downward departure from a defendant’s base offense level.
We review a district court’s decision to depart downward from the appropriate sentencing range for an abuse of discretion. United States v. Schulte, 264 F.3d 656, 659 (6th Cir.2001). A district court abuses its discretion when it relies upon erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard. United States v. Hart, 70 F.3d 854, 859 (6th Cir.1995) (citing Fleischut v. Nixon Detroit Diesel, Inc. 859 F.2d 26, 30 (6th Cir.1988)).
The district court abused its discretion when it did not consider § 5K2.19 when it resentenced DeSantis. Ordinarily, a sentencing court uses the guidelines in effect at the time of sentencing, 18 U.S.C. § 3553(a)(4), unless ex post facto consider *520 ations intervene. United States v. Nagi, 947 F.2d 211 (6th Cir.1991). DeSantis was resentenced after the amendment was in effect. Because the policy statement specifically refers to resentencing, and the amendment was in effect on the date De-Santis was resenteneed, the amendment should have been applied, and the motion for downward departure denied on that basis.
The ex post facto clause only prohibits enactment of any law which imposes punishment for an act after it was committed, or imposes additional punishment to that previously prescribed. Weaver v. Graham, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). It also prohibits enactment of a law which deprives one charged with a crime of any defense available according to the law at the time the act was committed. Collins v. Youngblood, 497 U.S. 37, 52, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).
A policy statement that prohibits a district court from considering a basis for a downward departure cannot be seen as imposing additional punishment for De-Santis’s offense. It does not alter the sentencing ranges applicable to his offense. It does not make unavailable a previously available defense. It merely restricts the application of a district judge’s discretion to reduce a sentence properly computed in accordance with applicable statutory guidelines. Compare United States v. Quintieri, 306 F.3d 1217, 1235 (2d Cir.2002) (stating that the amendment applied to a defendant resentenced on December 1, 2000, and thus precluded a downward departure based on post-sentencing rehabilitation) with United States v. Maldonado, 242 F.3d 1, 5 (1st Cir.2001) (remanding case for resentencing after district court erred in previous resentencing, and allowing defendant to argue for downward departure based on post-sentencing rehabilitation although § 5K2.19 was effective) and United States v. Normand, 58 Fed.Appx. 679 (9th Cir.2003) (unpublished decision) (holding that although in effect at the time of defendant’s resentencing, § 5K2.19 could not be applied because to apply it might present an ex post facto violation). See also United States v. Buckley, 251 F.3d 668, 670 (7th Cir.2001) (noting that § 5K2.19 was not effective at the time of resentencing and therefore that the downward departure for post-sentencing rehabilitation was available); United States v. Yeaman, 248 F.3d 223, 228 (3d Cir.2001) (same).
We therefore VACATE the sentence, and REMAND to the district court for resentencing in accordance with this opinion.

. His initial conviction was reversed by this court. United States v. DeSantis, 134 F.3d 760 (6th Cir.1998). He was retried and again convicted in September 1998. This conviction was affirmed by this court upon appeal. United States v. DeSantis, 238 F.3d 424 (6th Cir.2000).