JULIA SMITH GIBBONS, Circuit Judge,
concurring.
I concur in the result reached by the majority, but I disagree with the majority’s analysis. The only issue that the government raised on appeal is whether the district court abused its discretion when it decided that defendant’s post-sentence rehabilitative efforts were so extraordinary as to merit a downward departure in re-sentencing under the standard we announced in United States v. Rudolph, 190 F.3d 720 (6th Cir.1999). The government did not attempt to argue that U.S.S.G. § 5K2.19 applies in this case, acknowledging in its reply brief that the court would have to “plough new ex post facto ground” to hold that § 5K2.19 applies retroactively.
I agree with the government that there is no authority for holding, as the majority does, that applying § 5K2.19 retroactively does not violate the Ex Post Facto Clause. The majority cites United States v. Quintieri, 306 F.3d 1217, 1235 (2nd Cir.2002), but this decision lends little support to the *521 majority’s position because the pro se defendant in that case conceded that § 5K2.19 applied to his resentencing and the opinion contains no analysis regarding the Ex Post Facto Clause. This issue has rarely been litigated, but the few courts that have addressed the issue have not permitted a retroactive application of § 5K2.19 because of ex post facto concerns. See United States v. Lomow, 61 Fed.Appx. 370, 371 (9th Cir.2003) (Berzon, J., concurring); United States v. Normand, 58 Fed.Appx. 679, 680-81 (9th Cir.2003); United States v. Maldonado, 242 F.3d 1, 5 (1st Cir.2001); United States v. Williams, Nos. 92CR1131, 97CV2150, 2002 WL 1471624, at *2 (E.D.N.Y.2002).
The majority concludes that the Ex Post Facto Clause is not violated by retroactively applying an amendment to the sentencing guidelines that merely “prohibits a district court from considering a basis for a downward departure.” The majority, however, does not distinguish United States v. Moses, 106 F.3d 1273, 1279 n. 5 (6th Cir.1997), in which this court found that the Ex Post Facto Clause would be violated by retroactively applying an amendment to the Sentencing Guidelines that prohibited a district court from considering a certain basis for downward departure. See also United States v. Clark, 8 F.3d 839, 844-45 (D.C.Cir.1993) (holding that the Ex Post Facto Clause prohibits retroactively applying an amendment that “removes a substantial amount of judicial discretion to depart downward”).
The Supreme Court has held that the Ex Post Facto Clause is violated by retroactively applying an amendment that “substantially disadvantages” the defendant. Miller v. Florida, 482 U.S. 423, 432, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). e have held that the Ex Post Facto Clause is violated by retroactively applying an amendment that produces a “harsher result” for a defendant. United States v. Holmes, 975 F.2d 275, 278 (6th Cir.1992). The majority does not explain how applying § 5K2.19 in this case does not “substantially disadvantage” defendant or produce a “harsher result” for defendant.
Nonetheless, I concur with the result reached by the majority because I believe that the district court abused its discretion when it decided that defendant’s post-sentence rehabilitative efforts warranted a downward departure in resentencing. Although defendant’s conduct in prison before resentencing is laudable, the record does not support a finding that his post-sentence rehabilitative efforts were “extraordinary” under the strict standard we announced in Rudolph, 190 F.3d at 725-26.